■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILFREDO GONZALEZ, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Rosato, J.), rendered February 18, 1986, convicting him of murder in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's failure to move to withdraw his plea or vacate the judgment of conviction renders his claim regarding the sufficiency of his plea allocution unpreserved for appellate review (see, People v Mackey, 77 NY2d 846; People v Lopez, 71 NY2d 662). In any event, the defendant's contention that his plea was per se involuntary because he pleaded guilty against his attorney's advice is without merit. It was the defendant's decision, not that of defense counsel, to enter a plea of guilty rather than to proceed to trial. The fact that the defendant's plea was against the advice of his counsel is inconsequential since the plea was knowingly, intelligently, and voluntarily entered into (see, Brady v United States, 397 US 742; People v Lopez, supra). Balletta, J. P., Miller, Pizzuto and Santucci, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BAUDELIO GUTIERREZ, Appellant.—Appeal by the defendant from three judgments of the County Court, Orange County (Byrne, J.), all rendered February 5, 1990, convicting him of criminal sale of a controlled substance in the third degree under Indictment No. 89-00590, criminal sale of a controlled substance in the second degree under Indictment No. 89-00591, and criminal possession of a controlled substance in the fourth degree under Indictment No. 89-00592, upon his pleas of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (see, Anders v California, 386 US 738; People v Paige, 54 AD2d 631; cf., People v Gonzalez, 47 NY2d 606). Mangano, P. J., Balletta, Eiber, Pizzuto and Santucci, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WALTER HANDLIN, Appellant.—Appeal by the defendant from a judgment of the County Court, Orange County (Pano Z. Patsalos, J.), rendered September 17, 1991, convicting him of