■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BARNEY FRANCIS, Appellant. [678 NYS2d 758] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of two counts of driving while intoxicated as a felony (Vehicle and Traffic Law § 1192 [2], [3]; § 1193 [1] [c]) and one count of aggravated unlicensed operation of a motor vehicle in the first degree (Vehicle and Traffic Law § 511 [3]). He contends that the plea colloquy, taken together with the additional colloquy when he sought permission to retain new counsel, is insufficient to support his conviction. Defendant did not make a motion to withdraw his guilty plea or to vacate the judgment of conviction. Thus, defendant has failed to preserve his contention for our review (*see, People v Lopez,* 71 NY2d 662, 665; *People v Ayala,* 226 AD2d 1127, *lv denied* 88 NY2d 964). In any event, there is no merit to defendant's contention. Defendant, in making an application to retain new counsel, claimed that he was "fuzzy" about his guilt or innocence. County Court noted, however, that during his plea allocution defendant admitted that he was driving the vehicle in question while intoxicated and while his license was suspended or revoked. (Appeal from Judgment of Ontario County Court, Henry, Jr., J.—Felony Driving While Intoxicated.) Present—Pine, J. P., Lawton, Pigott, Jr., Callahan and Boehm, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALFRED MACK, Appellant. [679 NYS2d 764] —Judgment unanimously affirmed. Memorandum: Defendant was convicted after a jury trial of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]) and criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]) and sentenced as a predicate felony offender. Giving the necessary deference "to the fact-finder's opportunity to view the witnesses, hear the testimony and observe demeanor", we conclude that the verdict is not against the weight of the evidence (*People v Bleakley,* 69 NY2d 490, 495). Because of defendant's lengthy criminal history and the fact that defendant received close to the minimum sentence, the sentence is neither unduly harsh nor severe. (Appeal from Judgment of Supreme Court, Erie County, Cosgrove, J.—Criminal Sale Controlled Substance, 3rd Degree.) Present—Pine, J. P., Lawton, Pigott, Jr., Callahan and Boehm, JJ.