determined, however, that defendant is nevertheless a level three risk based upon the presumptive override for the infliction of serious physical injury (*see People v Brown*, 302 AD2d 919, 920-921 [2003]). Contrary to defendant's contention, "the court's determination of defendant's risk level was properly based on clear and convincing evidence related to the statutory factors" (*id.* at 921). Clear and convincing evidence also supports the court's alternative determination that the recalculated total risk factor score did not adequately take into account defendant's criminal record or lack of success during periods of supervised release, and thus that an upward departure from the presumptive risk level was warranted on that basis as well (*see People v Thomas*, 307 AD2d 759, 760 [2003]; *see generally* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 4 [Nov. 1997]). We have considered defendant's remaining contentions and conclude that they lack merit. Present—Gorski, J.P., Smith, Centra and Green, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BEVERLY SHAW-MILLER, Also Known as BEVERLY SHAW, Appellant. [823 NYS2d 750]—Appeal from a judgment of the Genesee County Court (Robert C. Noonan, J.), rendered February 17, 2005. The judgment convicted defendant, upon her plea of guilty, of attempted burglary in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed. Present—Gorski, J.P., Smith, Centra and Green, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID CAMPBELL, Appellant. (Appeal No. 1.) [824 NYS2d 515]—

Appeal from a judgment of the Ontario County Court (James R. Harvey, J.), rendered April 5, 2004. The judgment convicted defendant, upon his plea of guilty, of felony driving while intoxicated (two counts) and aggravated unlicensed operation of a motor vehicle in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of two counts of felony driving while intoxicated (Vehicle and Traffic Law § 1192 [2], [3]; § 1193 [1] [c] [i]) and one count of aggravated unlicensed operation of a motor vehicle in the first degree (§ 511 [3] [a] [i]). We reject the contention of defendant that the plea allocution is factually insufficient with respect to his conviction of aggravated

unlicensed operation of a motor vehicle in the first degree. Inasmuch as defendant's recitation of the facts underlying that crime does not "negate[ ] an essential element of the crime," "cast[ ] significant doubt" upon the admitted guilt of defendant or call into question the voluntariness of the plea (*People v Lopez*, 71 NY2d 662, 666 [1988]), the allocution is sufficient (*see People v Seeber*, 4 NY3d 780, 781 [2005]). Present—Gorski, J.P., Smith, Centra and Green, JJ.