# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**278**

**KA 11-01986**

PRESENT: SCUDDER, P.J., PERADOTTO, CARNI, LINDLEY, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

GERALD L. NELSON, JR., DEFENDANT-APPELLANT.

---

LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA (ROBERT W. ZIMMERMAN OF COUNSEL), FOR DEFENDANT-APPELLANT.

R. MICHAEL TANTILLO, DISTRICT ATTORNEY, CANANDAIGUA (JAMES B. RITTS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Ontario County Court (Frederick G. Reed, A.J.), rendered March 3, 2011. The judgment convicted defendant, upon his plea of guilty, of assault in the first degree, aggravated criminal contempt, criminal contempt in the first degree and endangering the welfare of a child.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of, inter alia, assault in the first degree (Penal Law § 120.10 [4]) and aggravated criminal contempt (§ 215.52 [1]). Defendant failed to preserve for our review his challenge to the factual sufficiency of the plea allocution with respect to the crime of aggravated criminal contempt (*see People v Lopez*, 71 NY2d 662, 665). Contrary to defendant's contention, the plea colloquy did not cast significant doubt upon his guilt such that County Court had a duty to conduct a further inquiry to ensure that the plea was knowing and voluntary (*see generally id*. at 666). Indeed, "[t]he court's duty to inquire further is not triggered merely by the failure of a pleading defendant, whether or not represented by counsel, to recite every element of the crime pleaded to" (*id*. at 666 n 2). The record belies defendant's contention that a further inquiry was required with respect to the order of protection; the court discussed the order of protection, defendant conceded it was in place when he physically attacked the victim, and he admitted that he knew of the conditions of that order and that he violated them when he physically attacked the victim.

Entered: April 26, 2013                          Frances E. Cafarell
                                                 Clerk of the Court