# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

664

KA 13-00913

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, AND CARNI, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

DOUGLAS P. BEARDSLEY, JR., DEFENDANT-APPELLANT.

---

D.J. & J.A. CIRANDO, ESQS., SYRACUSE (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT.

DAVID W. FOLEY, DISTRICT ATTORNEY, MAYVILLE (ANDREW M. MOLITOR OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Chautauqua County Court (John L. LaMancuso, A.J.), rendered February 28, 2013. The judgment convicted defendant, upon his plea of guilty, of driving while intoxicated, a class E felony, and aggravated unlicensed operation of a motor vehicle in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of driving while intoxicated (Vehicle and Traffic Law §§ 1192 [3]; 1193 [1] [c] [i]) and aggravated unlicensed operation of a motor vehicle in the first degree (§ 511 [3] [a] [i]), both class E felonies, defendant contends that the superior court information to which he pleaded guilty was jurisdictionally defective because certain misdemeanor offenses to which he also pleaded guilty were not properly included therein. That contention is not before us on this appeal. In the matter on appeal, defendant pleaded guilty to and was sentenced on two felony charges in County Court. The plea minutes establish that he contemporaneously pleaded guilty before the same judge, apparently sitting as a local criminal court, to several misdemeanors with which defendant was apparently charged in misdemeanor complaints or informations that are not included in the record on appeal. "An appeal from a judgment of conviction in a local criminal court lies with County Court" (*People v Brady*, 263 AD2d 969, 969, citing CPL 450.60 [3]; *see e.g. People v Eves*, 35 AD3d 1181, 1182).

Defendant did not move to withdraw his plea or to vacate the judgment of conviction and thus failed to preserve for our review his contention that the plea to the charges in the superior court information was not voluntarily entered (*see People v Brinson*, 130 AD3d 1493, 1493, *lv denied* 26 NY3d 965). This case does not fall

within the narrow exception to the preservation requirement set forth in *People v Lopez* (71 NY2d 662, 666), because nothing in the plea colloquy casts significant doubt on defendant's guilt or the voluntariness of the plea (*see Brinson*, 130 AD3d at 1493).  Finally, the sentence is not unduly harsh or severe.

Entered:  September 30, 2016                          Frances E. Cafarell
                                                     Clerk of the Court