People v Neaton (2018 NY Slip Op 07790)





People v Neaton


2018 NY Slip Op 07790


Decided on November 15, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 15, 2018

108841

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
JOSEPH C. NEATON, Appellant.

Calendar Date: October 15, 2018

Before: McCarthy, J.P., Egan Jr., Devine, Clark and Aarons, JJ.


Brian M. Quinn, Albany, for appellant.
Karen A. Heggen, District Attorney, Ballston Spa (Gordon W. Eddy of counsel), for respondent.



MEMORANDUM AND ORDER
Devine, J.
Appeal from a judgment of the County Court of Saratoga County (Murphy III, J.), rendered April 26, 2016, convicting defendant upon his plea of guilty of the crime of driving while intoxicated.
Defendant was stopped by a police officer for erratic driving and then sped away, but was eventually taken into custody following a foot chase. In satisfaction of a multicount indictment, defendant pleaded guilty to driving while intoxicated, as a felony, and waived his right to appeal. He was sentenced, in accordance with the terms of the plea agreement, to 2 to 6 years in prison. He now appeals.
Initially, defendant contends that his guilty plea was not knowingly, voluntarily and intelligently entered. Although not precluded by his waiver of the right to appeal, this claim has not been preserved for our review as the record does not disclose that defendant made an appropriate postallocution motion (see People v Edwards, 160 AD3d 1280, 1281 [2018], lv denied 31 NY3d 1147 [2018]; People v Jackson, 159 AD3d 1276, 1276 [2018], lv denied 31 NY3d 1149 [2018]). Moreover, the narrow exception to the preservation rule is inapplicable as defendant did not make any statements that negated his guilt or cast doubt on the voluntariness of his plea (see People v Lopez, 71 NY2d 662, 666-667 [1988]; People v Lasanta, 158 AD3d 897, 897-898 [2018], lv denied 31 NY3d 1083 [2018]). Defendant further asserts that he was deprived of the effective assistance of counsel. To the extent that this claim impacts the voluntariness of defendant's guilty plea, it is also not precluded by his appeal waiver but, as with his challenge to the guilty plea, has not been preserved for review due to the absence of an appropriate postallocution motion (see People v Edwards, 160 AD3d at 1281; People v Jackson, 159 AD3d at 1277).
McCarthy, J.P., Egan Jr., Clark and Aarons, JJ., concur.
ORDERED that the judgment is affirmed.