OPINION OF THE COURT
Alexander, J.
Defendant was charged in a one-count indictment with murder in the second degree (Penal Law § 125.25 [1]). The indictment alleged that defendant had intentionally caused the death of Herbert William Badgley "by stabbing him with a sharp instrument”. After extensive consultations with counsel and family members, defendant accepted a negotiated plea arrangement under which he would plead guilty to the lesser crime of manslaughter in the first degree (Penal Law § 125.20) in full satisfaction of the indictment. During the plea allocution, however, defendant made statements that raised the possibility of a justification defense and the possibility that he lacked the requisite criminal intent. These statements prompted the prosecutor to express concerns regarding the adequacy of the allocution. The court inquired further into these matters in order to determine whether defendant possessed the necessary criminal intent and whether there existed a viable justification defense. Following its further inquiry, the court announced that it was satisfied with the allocution and accepted the guilty plea. Defendant neither moved to withdraw his plea nor to vacate the judgment of conviction; rather, he sought to challenge the sufficiency of the plea allocution for the first time on direct appeal.
The Appellate Division, with one Justice dissenting, af *665 firmed defendant’s conviction, concluding that he had waived any challenge to the sufficiency of the plea allocution by not moving to withdraw his plea or to vacate the judgment of conviction.[1] Defendant appeals to this court by permission of the dissenting Justice, contending that his allocution was deficient, that this deficiency was not cured by the trial court’s further inquiry, and that no postallocution motion was required to preserve the issue for appeal. For the reasons discussed below, we hold defendant has failed to preserve his challenge to the sufficiency of the allocution, and affirm the order below.
I.
In order for there to be a question of law reviewable by this court, the trial court generally must have been given an opportunity to correct any error in the proceedings below at a time when the issue can be dealt with most effectively (CPL 470.05 [2]; see, People v Michael, 48 NY2d 1, 6) "The requirement that a claim must be timely raised in order to create a question of law is grounded in large part in the need to preserve limited judicial resources and avoid untoward delay in the resolution of criminal proceedings” (People v Michael, 48 NY2d, at 6, supra). Although a defendant must be afforded an opportunity to challenge the legality of the proceedings at issue, "the very real interest of the State in achieving finality in a criminal prosecution mandates that such objections be timely raised” (People v Michael, 48 NY2d, at 6, supra). Thus, we have held that in order to preserve a challenge to the factual sufficiency of a plea allocution there must have been a motion to withdraw the plea under CPL 220.60 (3) or a motion to vacate the judgment of conviction under CPL 440.10 (see, People v Claudio, 64 NY2d 858; People v Pellegrino, 60 NY2d 636; People v Pascale, 48 NY2d 997; People v Bell, 47 NY2d 839; People v Warren, 47 NY2d 740). The failure to make the appropriate motion denies the trial court the opportunity to *666 address the perceived error and to take corrective measures, if needed. .
In that rare case, however, where the defendant’s recitation of the facts underlying the crime pleaded to clearly casts significant doubt upon the defendant’s guilt or otherwise calls into question the voluntariness of the plea, we have held that the trial court has a duty to inquire further to ensure that defendant’s guilty plea is knowing and voluntary (see, People v Francis, 38 NY2d 150, 153; People v Beasley, 25 NY2d 483, 487-488; People v Serrano, 15 NY2d 304, 309; see generally, People v Harris, 61 NY2d 9). Thus, where a defendant’s factual recitation negates an essential element of the crime pleaded to, the court may not accept the plea without making further inquiry to ensure that defendant understands the, nature of the charge and that the plea is intelligently entered (see, People v Beasley, 25 NY2d 483, supra [factual recitation appeared to negate essential element and evidence showed defendant may not have understood nature of charge]; People v Serrano, 15 NY2d 304, supra [factual recitation negated essential element]).[2] Where the court fails in this duty and accepts the plea without further inquiry, the defendant may challenge the sufficiency of the allocution on direct appeal, notwithstanding that a formal postallocution motion was not made (People v Beasley, 25 NY2d 483, supra; People v Serrano, 15 NY2d 304, supra,). In such cases, the court’s attention should have been instantly drawn to the problem, and the salutary purpose of the preservation rule is arguably not jeopardized.
II.
Defendant contends that his plea allocution falls within this narrow exception to the preservation requirement because his description of the facts underlying his guilty plea negated an *667 essential element of manslaughter in the first degree — the intent to cause serious physical injury (Penal Law § 125.20)— and also raised the possibility of a justification defense. Defendant’s contention must be rejected. Although defendant’s responses to one series of questions posed by the court indicated that he may not have intended to cause serious physical injury, that he was merely attempting to defend himself against a knife-wielding aggressor, that he "didn’t want to hurt” the victim, and that he had "feared for his life” throughout the incident, the court did not accept defendant’s guilty plea upon such a questionably sufficient allocution. Rather, the court — alerted by defendant’s statements and the concerns of the prosecutor, who twice interrupted the allocution to question the sufficiency of defendant’s factual recitation — inquired further to ensure the validity of the plea.[3] Based upon this expanded allocution, the court accepted the plea, concluding that defendant’s behavior clearly evinced an intent to cause serious physical injury (see, People v McGowen, 42 NY2d 905, 906) and that there was no viable justification defense. Defendant raised no further objection, nor did he thereafter seek to withdraw the plea or to vacate the judgment of conviction.
The plea minutes demonstrate that the trial court, when confronted with statements casting significant doubt upon defendant’s guilt, properly conducted further inquiry to en *668 sure that defendant’s plea was knowing and voluntary; that he possessed the necessary criminal intent; and that there was no possibility of a justification defense. Having failed to express, in any way, dissatisfaction with the court’s remedial action, defendant has waived any further challenge to the allocution, and thus no issue is preserved for our review (People v Claudio, 64 NY2d 858, supra). We have examined defendant’s remaining contentions and find them to be without merit.
Accordingly, the order of the Appellate Division should be affirmed.
Chief Judge Wachtler and Judges Simons, Kaye, Titone, Hancock, Jr., and Bellacosa concur.
Order affirmed.

. The Appellate Division majority declined to exercise its discretionary power to review any alleged error in the allocution, finding that the trial court’s inquiry into the facts established defendant’s criminal intent and negated any possible justification defense. The court further concluded that, viewing the allocution in its entirety, and in light of defendant’s obvious familiarity with the criminal justice system and his extensive consultations with family members and counsel, the plea was a knowing and voluntary one.

. The court’s duty to inquire further is not triggered merely by the failure of a pleading defendant, whether or not represented by counsel, to recite every element of the crime pleaded to and, insofar as People v Serrano (15 NY2d 304) may be viewed as holding to the contrary, it should not be followed. "Judges are not expected to be omniscient” and "there is no requirement that the Judge conduct a pro forma inquisition in each case on the off-chance that a defendant who is adequately represented by counsel and who admits the underlying facts may nevertheless not know what he is doing” (People v Francis, 38 NY2d 150, 154). Where there is no suggestion from the allocution that the guilty plea is "improvident or baseless”, there is obviously nothing to alert the trial court to a potential problem or to trigger a further inquiry (People v Nixon, 21 NY2d 338, 350).

. The court assessed the availability of a justification defense in the following colloquy:
"the court: After conferring with your attorney, Mr. Lopez, again I ask you, just before you plunged the knife into Herbert William [Badgley] were you free to leave the area?
"the defendant: Yes, your Honor, I guess I was.
"the court: Did anybody constrain you or hold you back just before you plunged the knife into Mr. [Badgley]?
"the defendant: No.”
When the prosecutor continued to express reservations about the adequacy of the allocution, particularly with respect to defendant’s criminal intent, the court engaged in further inquiry as follows:
"the court: Perhaps an inquiry into the area as to where the knife wound was inflicted * * * might clarify [defendant’s intent] * * * When you plunged the knife into Mr. [Badgley], the deceased, what part of his body did you put the knife into?
"the defendant: I didn’t take aim, it just happened.
"the court: Where did the knife go?
"the defendant: From the autopsy in the chest.
"the court: What part of the chest? In the middle, left or right?
"the defendant: Close to the heart.”