■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMMY ALFORD, Appellant.—Judgment, Supreme Court, Bronx County (Richard Lee Price, J.), rendered May 11, 1989, convicting defendant, on his plea of guilty, of criminal possession of a weapon in the third degree, and sentencing him, as a second violent felony offender, to an indeterminate term of 2½ to 5 years' imprisonment, unanimously affirmed.

Defendant was arrested and charged with one count of criminal possession of a weapon in the second degree and one count of criminal possession of a weapon in the third degree. At the plea allocution defendant admitted that he unlawfully possessed a loaded revolver on April 2, 1988, and was sentenced as noted above.

Defendant now challenges the factual sufficiency of the plea allocution. However, as defendant failed to make such challenge by appropriate motion at the trial level, the issue is not preserved for appellate review. (People v Lopez, 71 NY2d 662 [1988].)

In any event, the record amply demonstrates that there was no factual insufficiency in the plea allocution and that defendant, represented by counsel and present in court, entered a knowing and voluntary plea which was validly accepted by the trial court (People v Holt, 155 AD2d 338). While at first defendant claimed that the possession of the weapon took place in his home, after conferring with counsel he stated otherwise, and under these circumstances further inquiry was unnecessary. (People v Lopez, 127 AD2d 234, affd 71 NY2d 662, supra.) Concur—Kupferman, J. P., Carro, Ellerin, Wallach and Smith, JJ.