■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT RUSSO, Appellant. [594 NYS2d 423] —Levine, J. Appeal from a judgment of the Supreme Court of Broome County (Monserrate, J.), rendered February 1, 1991, convicting defendant upon his plea of guilty of the crime of robbery in the second degree.

Defendant and a codefendant were indicted for robbery in the first degree, robbery in the second degree, kidnapping in the second degree, coercion in the first degree and sexual abuse in the first degree when they allegedly accosted a young woman after displaying what appeared to be a pistol, forced her to accompany them in her automobile and took her automobile and money. Pursuant to a plea bargain, defendant pleaded guilty to robbery in the second degree in full satisfaction of all counts of the indictment and was sentenced as a second felony offender to a prison term of 7½ to 15 years.

The sole issue raised by defendant on appeal is the insufficiency of his plea allocution to establish that the guilty plea was voluntary, in that Supreme Court failed expressly to inquire into whether any threats or promises had been made to induce defendant to plead guilty. This issue, however, is raised for the first time on appeal, defendant having neither moved to withdraw his plea at sentencing nor to vacate his conviction. Because defendant made absolutely no statements inconsistent with guilt during the plea colloquy wherein Supreme Court asked him questions concerning his conduct during the commission of the crimes, this issue was not preserved for review *(see, People v Lopez,* 71 NY2d 662, 666-667).

The record of the plea and sentencing minutes is entirely devoid of any suggestion that defendant's guilty plea was not knowing and voluntary. Defendant was familiar with the criminal justice system as a result of three prior felony convictions. He freely conferred with counsel before finally entering a plea. On sentencing, he thanked the court for its fairness, admitted committing the crime to obtain money for drugs and spoke articulately for several pages of the record to express his determination to rehabilitate himself through pursuit of education while in prison. Therefore, we find no reason to exercise our discretion to reverse defendant's convic-

tion in the interest of justice (see, CPL 470.15 [6]; *People v Lopez*, 127 AD2d 234, 241-242, *affd* 71 NY2d 662).

Weiss, P. J., Mahoney, Casey and Harvey, JJ., concur. Ordered that the judgment is affirmed.