■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ORLANDO JOHNSON, Appellant. [625 NYS2d 944] —Appeal by the defendant from (1) a judgment of the Supreme Court, Queens

County (Flug, J.), rendered February 2, 1994, convicting him of criminal possession of a weapon in the third degree under Indictment No. 4271/91, and (2) a judgment of the same court (Cooperman, J.), rendered February 14, 1994, convicting him of burglary in the third degree under Indictment No. 1794/92, upon his pleas of guilty, and imposing sentences.

Ordered that the judgment rendered February 2, 1994, is modified, on the law, by vacating the sentence imposed thereon; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Queens County, for resentencing; and it is further,

Ordered that the judgment rendered February 14, 1994, is affirmed.

The defendant's contention that his plea allocutions were defective because they were devoid of any admission of guilt is unpreserved for appellate review (see, People v Mackey, 77 NY2d 846; People v Lopez, 71 NY2d 662; People v Pellegrino, 60 NY2d 636). In addition, the defendant's factual recitations did not cast significant doubt upon his guilt. Thus, the trial court had no duty to inquire further to ensure that the defendant's pleas were knowing and voluntary (see, People v Lopez, supra).

With respect to the defendant's conviction under Indictment No. 4271/91, the record is unclear as to whether the procedures required by CPL 400.21 were followed. Accordingly, the matter is remitted to the Supreme Court for resentencing. Balletta, J. P., Thompson, Santucci, Altman and Hart, JJ., concur.