■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS TEDDY, Also Known as TEDDY DENNIS, Appellant. [642 NYS2d 6] —Judgment, Supreme Court, Bronx County (Joseph Cohen, J.), rendered July 5, 1994, convicting defendant, upon his plea of guilty, of absconding from temporary release in the first degree and sentencing him to a prison term of 1 year, unanimously affirmed.

Defendant's claim that his plea allocution was factually insufficient to warrant acceptance of his plea is unpreserved for appellate review as a matter of law. Defendant never moved before the trial court to withdraw the plea or to vacate the judgment of conviction, and the allocution, in which defendant admitted to participating in an electronic monitoring program, unplugging the monitoring device, and leaving his place of confinement "without permission", did not cast significant doubt on his guilt or otherwise call into question the voluntariness of the plea (*see, People v Lopez*, 71 NY2d 662, 666). Nor will we review in the interest of justice. Defendant's argument that the statute (Penal Law § 205.17) contains no references to electronic monitoring is not a challenge to the sufficiency of the allocution, but rather the superior court information to which defendant pleaded guilty. That information, unlike the allocution, did track the statutory language, specifically alleging that defendant failed to return to the institution or facility of his confinement at or before the time prescribed for his return, and also gave notice that the monitoring was part of the temporary release program. Nothing in the allocution indicates that defendant did not fully appreciate this, and admit his guilt, even though he did not recite every element of the crime or track the statutory language (*see, supra*, at 666, n 2; *People v Barnes*, 202 AD2d 350, *lv denied* 83 NY2d 908). Concur—Sullivan, J. P., Milonas, Rosenberger, Kupferman and Mazzarelli, JJ.