■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOEL DOWELL, Appellant. [654 NYS2d 126] —Judgment, Supreme Court, New York County (Bernard Fried, J.), rendered June 27, 1994, convicting defendant, upon his plea of guilty, of bribe receiving in the third degree, and sentencing him to 5 years probation and 200 hours of community service, unanimously affirmed.

Defendant's motion to withdraw his plea was properly denied. The assertions that his allocution negated certain elements of the crime to which he pleaded guilty, and that his statements at sentencing evinced a claim of innocence which

should have caused the court to inquire further into whether the plea was entered voluntarily, are unpreserved for appellate review because defendant's motion to withdraw the plea raised none of these issues (*People v Morillo*, 221 AD2d 274, *lv denied* 88 NY2d 882), and we decline to review them in the interest of justice. Were we to review them, we would find them to be without merit, since defendant's allocution did not negate any element of the crime. Even though defendant denied actually receiving any money, a public servant is guilty of criminal conduct when he "solicits, accepts *or agrees to accept* any benefit from another person upon an agreement or understanding" that the exercise of his duties will be influenced thereby (Penal Law · § 200.10; emphasis added). The court engaged in a thorough colloquy with defendant (*see, People v Lopez*, 71 NY2d 662), during which the latter admitted entering into such an agreement, and said nothing inconsistent with his admissions of guilt. His statement at sentencing (that he neither solicited a bribe nor knew it was a "crime to agree * *. * to lead somebody on") did not require any further inquiry by the court. Concur—Ellerin, J. P., Wallach, Nardelli, Tom and Mazzarelli, JJ.