■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARVIN BRISTOL, Appellant. [813 NYS2d 722]—Judgments, Supreme Court, New York County (Edwin Torres, J.), rendered March 18, 2004, convicting defendant, upon his pleas of guilty, of attempted criminal sale of a controlled substance in the third degree and attempted bail jumping in the first degree, and sentencing him, as a second felony offender, to concurrent terms of 3 to 6 years and 2 to 4 years, respectively, unanimously affirmed.

Since defendant did not move to withdraw his plea, his challenge to the validity of his controlled substance conviction is unpreserved (*see People v Lopez*, 71 NY2d 662 [1988]), and we decline to review it in the interest of justice. Were we to review this claim, we would find that nothing in the record casts doubt on the voluntariness of the plea or the effectiveness of the representation defendant received in connection therewith (*see People v Ford*, 86 NY2d 397, 404 [1995]). When, after taking the controlled substance plea, defendant absconded and was returned on a bench warrant, he made vague allegations with respect to the attorney who had represented him at the time of that plea. These allegations did not warrant any inquiry by the court, and, in any event, the court responded by directing the new attorney who was representing defendant on his bail jumping plea to represent him for sentencing as to both cases. Defendant had no further complaints about his representation, or about the favorable disposition he received.

Defendant's claim that he was sentenced without a current presentence report is unpreserved and we decline to review it in the interest of justice (*see e.g. People v Scott*, 251 AD2d 248 [1998]). Concur—Buckley, P.J., Saxe, Nardelli, Gonzalez and Catterson, JJ.