■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HARRY LANGERT, Appellant. [836 NYS2d 177]—

Judgment, Supreme Court, New York County (Edwin Torres, J.), rendered November 17, 2004, convicting defendant, upon his plea of guilty, of burglary in the first degree (five counts), robbery in the first degree (two counts), robbery in the second degree, criminal possession of stolen property in the fourth degree (six counts) and criminal possession of a weapon in the third degree, and sentencing him, as a persistent violent felony offender, to an aggregate term of 25 years to life, unanimously modified, on the law, to the extent of vacating the persistent violent felony offender adjudication only with respect to the weapon possession conviction, and reducing the sentence on that conviction to 3½ to 7 years, and otherwise affirmed.

Defendant's argument that he did not plead guilty to certain counts because his plea allocution did not specifically refer to these charges is essentially a challenge to the sufficiency of his factual recitations. This argument is unpreserved (see People v Lopez, 71 NY2d 662, 665 [1988]), and we decline to reach it in the interest of justice. Were we to reach this claim, we would find that the record is clear that defendant knowingly and voluntarily pleaded guilty to the entire indictment, which included the counts in question, and that nothing casts doubt on his guilt of those charges.

As the People concede, defendant was convicted of criminal possession of a weapon in the third degree under a subdivision (Penal Law § 265.02 [1]) that does not constitute a violent felony (Penal Law § 70.02 [1] [c]), and we modify the judgment accordingly.

Defendant made a valid written waiver of his right to appeal, which he signed in the court's presence with the assistance of counsel (see People v Ramos, 7 NY3d 737 [2006]). This waiver forecloses his challenges to his sentence on the grounds of excessiveness and procedural defects. Were we to find defendant did not make a valid waiver, we would find no basis for reducing the sentence, and we also would find that defendant's constitutional challenges to the procedure under which he was sentenced as a persistent violent felony offender, and to the court's imposition of a mandatory surcharge and fees in writing but not orally, are unpreserved and without merit. Concur—Saxe, J.P., Nardelli, Buckley, Sweeny and Malone, JJ.