■ The People of the State of New York, Respondent, v Richee Ortega, Appellant. [999 NYS2d 746]—Judgment, Supreme Court, New York County (Cassandra M. Mullen, J., at plea; Michael R. Sonberg, J., at sentencing), rendered September 6, 2012, convicting defendant of criminal possession of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the fifth degree, and sentencing him to concurrent terms of six months, unanimously affirmed.

Defendant's challenge to the sufficiency of his plea is unpreserved (*see People v Lopez*, 71 NY2d 662, 665 [1988]), and we decline to review it in the interest of justice. We reject defendant's assertion that he had no actual or practical ability to make a motion to withdraw his plea. As an alternative holding, we reject the claim on the merits.

Under the circumstances of this case, we find that the court adequately informed defendant of the rights he would be waiving in exchange for his plea, and that the plea was knowingly, intelligently and voluntarily made. There is no mandatory catechism for a guilty plea, and a plea is not rendered invalid where "the record as a whole . . . contain[s] an affirmative demonstration of the defendant's waiver of his fundamental constitutional rights" (*People v Tyrell*, 22 NY3d 359, 366

[2013]). Concur—Sweeny, J.P., Renwick, Moskowitz, Feinman and Kapnick, JJ.