# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**858**

**KA 15-02120**

PRESENT: WHALEN, P.J., SMITH, LINDLEY, TROUTMAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                MEMORANDUM AND ORDER

JERRY T. SADDLER, DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

CHARLES A. MARANGOLA, MORAVIA, FOR DEFENDANT-APPELLANT.

JON E. BUDELMANN, DISTRICT ATTORNEY, AUBURN (NATHAN J. GARLAND OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Cayuga County Court (Mark H. Fandrich, A.J.), rendered November 17, 2015. The judgment convicted defendant, upon his plea of guilty, of criminal contempt in the first degree and assault in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon his plea of guilty of criminal contempt in the first degree (Penal Law § 215.51 [b] [v]) and assault in the second degree (§ 120.05 [2]). In appeal No. 2, defendant appeals from a judgment convicting him upon his plea of guilty of aggravated family offense (§ 240.75 [1]). With respect to both appeals, we conclude that the "waiver of the right to appeal is invalid because, based on County Court's statements at the plea proceeding, 'defendant may have erroneously believed that the right to appeal is automatically extinguished upon entry of a guilty plea' " (*People v Prince*, 141 AD3d 1103, 1104, quoting *People v Moyett*, 7 NY3d 892, 893). We nevertheless conclude that neither sentence is unduly harsh or severe.

In appeal No. 1, defendant failed to preserve for our review his challenge to the factual sufficiency of the plea allocution with respect to the assault count because he did not move to withdraw his plea or to vacate the judgment of conviction (*see People v Lopez*, 71 NY2d 662, 665). This case does not fall within the rare exception to the preservation requirement inasmuch as nothing in the plea colloquy "casts significant doubt upon the defendant's guilt [of assault] or otherwise calls into question the voluntariness of the plea" (*id.* at 666; *see People v Rinker*, 141 AD3d 1177, 1177). We decline to exercise our power to review defendant's challenge as a matter of

discretion in the interest of justice (*see* CPL 470.15 [3] [c]).

Entered: November 10, 2016

Frances E. Cafarell
Clerk of the Court