# SUPREME COURT OF THE STATE OF NEW YORK
*Appellate Division, Fourth Judicial Department*

**1295**

**KA 14-01430**

PRESENT: WHALEN, P.J., CENTRA, LINDLEY, DEJOSEPH, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                      MEMORANDUM AND ORDER

LAIGTH A. OLLMAN, DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

CARA A. WALDMAN, FAIRPORT, FOR DEFENDANT-APPELLANT.

BROOKS T. BAKER, DISTRICT ATTORNEY, BATH (JOHN C. TUNNEY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Steuben County Court (Peter C. Bradstreet, J.), rendered August 19, 2013. The judgment convicted defendant, upon his plea of guilty, of attempted criminal possession of a controlled substance in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from three judgments, each of which convicted him, upon his plea of guilty, of one count of attempted criminal possession of a controlled substance in the third degree (Penal Law §§ 110.00, 220.16 [1]). Each count arose from a distinct occurrence involving oxycodone pills. In all three appeals, defendant contends that his pleas should be vacated because, during the plea colloquy, County Court failed to conduct the requisite further inquiry after defendant negated an essential element of the crimes to which he pleaded guilty by stating that he had a valid prescription for the oxycodone pills and thus that his attempted possession was not unlawful. We reject that contention. The record establishes that, during the plea colloquy, defendant did not state that he had a prescription for oxycodone but, rather, he stated that he had a prescription for a "different . . . medication." We therefore conclude that the colloquy did not negate an essential element of attempted criminal possession of a controlled substance in the third degree, and thus the court had no duty to conduct a further inquiry to ensure that defendant understood the nature of the charges and that the pleas were intelligently entered (*see generally People v Lopez*, 71 NY2d 662, 666).

Although defendant's contention that he received ineffective assistance of counsel during the plea bargaining stage survives his guilty pleas to the extent that he contends that his pleas were

infected by the alleged ineffective assistance (*see People v Neil*, 112 AD3d 1335, 1336, *lv denied* 23 NY3d 1040), we reject that contention (*see generally People v Ford*, 86 NY2d 397, 404). Specifically, defendant contends that defense counsel erred in allowing him to plead guilty after he stated during the colloquy that he lawfully possessed the oxycodone but, as noted herein, defendant did not in fact state that he had a prescription for the oxycodone pills.

Entered: February 3, 2017                     Frances E. Cafarell
                                              Clerk of the Court