People v Bonafante (2018 NY Slip Op 07788)





People v Bonafante


2018 NY Slip Op 07788


Decided on November 15, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 15, 2018

108771

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
NICHOLAS BONAFANTE, Appellant.

Calendar Date: October 15, 2018

Before: McCarthy, J.P., Egan Jr., Devine, Clark and Aarons, JJ.


Brian M. Quinn, Albany, for appellant.
Joel E. Abelove, District Attorney, Troy (Jacob B. Sher of counsel), for respondent.



MEMORANDUM AND ORDER
Clark, J.
Appeal from a judgment of the County Court of Rensselaer County (Young, J.), rendered August 23, 2016, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the fifth degree.
In satisfaction of a nine-count indictment, defendant pleaded guilty to criminal possession of a controlled substance in the fifth degree and waived his right to appeal. In accordance with the plea agreement, County Court sentenced defendant, as a second violent felony offender, to a prison term of 2½ years followed by two years of postrelease supervision, with such sentence to run concurrently with a prison sentence he had received in another county. Defendant appeals.
Although defendant's challenge to the voluntariness of his guilty plea survives the unchallenged waiver of the right to appeal, it is nevertheless unpreserved for our review, as the record does not reflect that defendant made an appropriate postallocution motion (see People v Lopez, 71 NY2d 662, 665-666 [1988]; People v Kruppenbacher, 163 AD3d 1266, 1267 [2018]; People v Lamb, 162 AD3d 1395, 1396 [2018]). The narrow exception to the preservation requirement is inapplicable because, contrary to defendant's contention, he did not make any statements during the plea colloquy that cast doubt upon his guilt or otherwise called into question the voluntariness of his plea (see People v Lopez, 71 NY2d at 666; People v Gomez, 162 AD3d 1311, 1312 [2018]). Defendant's ineffective assistance of counsel claim — to the extent that it impacts the voluntariness of the plea — is similarly unpreserved for review given the lack of an appropriate postallocution motion (see People v Lamb, 162 AD3d at 1396; People v Rutigliano, 159 AD3d 1280, 1281 [2018], lv denied 31 NY3d 1121 [2018]). The remainder of defendant's ineffective assistance of counsel claim is premised on matters outside the record and is more appropriately considered in the context of a CPL article 440 motion (see People v Tucker, 161 AD3d 1481, 1482 [2018], lv denied 31 NY3d 1153 [2018]; People v Rutigliano, 159 AD3d at 1281).
McCarthy, J.P., Egan Jr., Devine and Aarons, JJ., concur.
ORDERED that the judgment is affirmed.