People v Mercer (2019 NY Slip Op 00929)





People v Mercer


2019 NY Slip Op 00929


Decided on February 7, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 7, 2019

107999

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
ARTHUR MERCER, Appellant.

Calendar Date: January 15, 2019

Before: Egan Jr., J.P., Lynch, Devine, Rumsey and Pritzker, JJ.


Kathy Manley, Selkirk, for appellant, and appellant
pro se.
D. Holley Carnright, District Attorney, Kingston (Joan Gudesblatt Lamb of counsel), for respondent.



MEMORANDUM AND ORDER
Rumsey, J.
Appeal from a judgment of the County Court of Ulster County (Williams, J.), rendered August 27, 2015, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree.
In satisfaction of a two-count indictment, defendant pleaded guilty to criminal sale of a controlled substance in the third degree and waived his right to appeal, both orally and in writing. Under the terms of the plea agreement, he was to be sentenced as a second felony offender to six years in prison, followed by three years of postrelease supervision. County Court advised defendant at the time of the plea that a condition of sentencing was that he provide truthful answers consistent with the statements that he made during the plea colloquy when interviewed for the presentence report and that his failure to do so could result in the enhancement of the sentence.
At his next court appearance, defendant expressed his desire, unbeknownst to his then-counsel, to withdraw his guilty plea. County Court proceeded to order an Outley hearing to determine if defendant had violated the sentencing condition by giving inconsistent statements during the presentence investigation interview. At the conclusion of the hearing, County Court found that defendant had violated the sentencing condition and that enhancement of the sentence was warranted. At defendant's next court appearance, he indicated that he wished to terminate his counsel's services, which request was granted by County Court. After new counsel was assigned, defendant reiterated his desire to withdraw his guilty plea and submitted certain pro se [*2]documents to the court, including one denominated an omnibus motion [FN1]. County Court declined to allow defendant to withdraw his guilty plea, denied his pro se omnibus motion and sentenced defendant as a second felony offender to eight years in prison, followed by five years of postrelease supervision. Defendant now appeals.
Defendant contends, among other things, that his guilty plea was not knowing, voluntary and intelligent because he suffers from bipolar disorder and was rendered unable to fully understand the proceedings as he was not taking his prescribed medication at the time that he entered his guilty plea. Although not precluded by his uncontested waiver of the right to appeal, we find that this claim is unpreserved as defendant did not make an appropriate postallocution motion challenging the voluntariness of his guilty plea on this basis despite having an opportunity to do so (see People v McClain, 165 AD3d 1345, 1346 [2018]; People v Blackburn, 164 AD3d 960, 961 [2018])[FN2]. Furthermore, the narrow exception to the preservation rule is inapplicable as defendant did not make any statements during the plea colloquy that negated his guilt or called into question the voluntariness of his plea (see People v Lopez, 71 NY2d 662, 665-666 [1988]; People v Blackburn, 164 AD3d at 961). Defendant further asserts that he was deprived of the effective assistance of counsel because neither of the two attorneys who represented him made a motion to withdraw his guilty plea based on his mental illness. Although this claim is not foreclosed by defendant's appeal waiver insofar as it impacts the voluntariness of his guilty plea, it is also unpreserved given defendant's failure to make an appropriate postallocution motion on this basis (see People v Williams, 163 AD3d 1172, 1173-1174 [2018], lv denied 32 NY3d 1009 [2018]; People v Park, 159 AD3d 1132, 1134 [2018], lv denied 31 NY3d 1085 [2018]). We have considered the remaining contentions raised by defendant in his pro se supplemental briefs and find them to be unavailing.
Egan Jr., J.P., Lynch, Devine and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: Defendant's new counsel declined to adopt defendant's pro se motion.

Footnote 2: The record reveals that defendant's first pro se request to withdraw his guilty plea was premised upon the alleged unconstitutionality of his prior convictions. His second pro se request to withdraw his guilty plea was based upon the same ground, as well as an unspecified claim of ineffective assistance of counsel. Notably, defendant did not assert either in his oral applications or his written submissions that he should be permitted to withdraw his guilty plea due to his alleged mental incapacity.