People v Prince (2019 NY Slip Op 02181)





People v Prince


2019 NY Slip Op 02181


Decided on March 21, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 21, 2019

109762

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
LEMAR PRINCE, Appellant.

Calendar Date: February 11, 2019

Before: Garry, P.J., Lynch, Clark, Devine and Pritzker, JJ.


Brian M. Quinn, Albany, for appellant.
Karen A. Heggen, District Attorney, Ballston Spa (Gordon W. Eddy of counsel), for respondent.



MEMORANDUM AND ORDER
Lynch, J.
Appeal from a judgment of the County Court of Saratoga County (Murphy III, J.), rendered May 17, 2017, convicting defendant upon his plea of guilty of the crime of criminal contempt in the first degree.
In June 2016, defendant was charged by indictment with criminal contempt in the first degree, criminal contempt in the second degree and petit larceny. In full satisfaction thereof, and in anticipation of an agreed-upon sentence of 1½ to 3 years to be served as part of the Willard drug treatment program, defendant pleaded guilty to criminal contempt in the first degree and waived his right to appeal. Prior to sentencing, defendant was rearrested in Rensselaer County. Pursuant to the Parker admonishments provided to him by County Court at the plea proceeding, the court determined that the agreed-upon alternative sentence was no longer appropriate and, accordingly, sentenced defendant, as a second felony offender, to a prison term of 1½ to 3 years, to be served concurrently with the sentence imposed for his Rensselaer County conviction. He appeals.
We affirm. Initially, we reject defendant's contention that his waiver of the right to appeal was not knowing, intelligent and voluntary. The record reflects that defendant was informed at the outset of the plea proceeding that a waiver of the right to appeal was a condition of the plea agreement, and he verbalized his understanding of the terms of the agreement. County Court also advised defendant that his right to appeal was "a separate and distinct right" from the trial-related rights that he was automatically forfeiting by pleading guilty. The court allowed defendant time to discuss the waiver of appeal, among other issues, with his counsel and confirmed that defendant had no further questions regarding the waiver of appeal. Defendant also assented to a written appeal waiver, which stated that he was voluntarily, knowingly and intelligently waiving his right to appeal and that his attorney had answered all of his questions regarding the appeal waiver to his satisfaction. We therefore find that defendant's waiver of the [*2]right to appeal was valid (see People v Hall, 167 AD3d 1165, 1165-1166 [2018], lvs denied ___ NY3d ___ [Feb. 25, 2019]; People v Lomax, 161 AD3d 1454, 1455 [2018], lv denied 32 NY3d 1146 [2018]; People v Chaney, 160 AD3d 1281, 1282 [2018]; People v Savage, 158 AD3d 854, 855 [2018]).
Although defendant's challenge to the voluntariness of his plea survives his valid waiver of the right to appeal (see People v Martinez, 166 AD3d 1376, 1376 [2018], lv denied ___ NY3d ___ [Feb. 28, 2019]; People v Tucker, 164 AD3d 948, 950 [2018]), his claim has not been preserved for our review as the record does not reflect that he made an appropriate postallocution motion to withdraw his plea, despite ample opportunity to do so prior to sentencing (see CPL 220.60 [3]; People v Miazga, 167 AD3d 1167, 1168 [2018], lv denied ___ NY3d ___ [Feb. 25, 2019]; People v Moore, 167 AD3d 1158, 1159-1160 [2018]). Defendant's assertion that he received the ineffective assistance of counsel, to the extent that it implicates the voluntariness of his guilty plea, also survives his waiver of appeal (see People v Bonfante, 167 AD3d 1160, 1160 [2018], lv denied ___ NY3d ___ [Feb. 25, 2019]; People v Walker, 166 AD3d 1393, 1393 [2018]), but is similarly unpreserved (see People v Gardner, 159 AD3d 1233, 1234 [2018], lv denied 31 NY3d 1082 [2018]; People v Muller, 166 AD3d 1240, 1240 [2018]). Moreover, the narrow exception to the preservation requirement does not apply, as defendant did not make any statements that were inconsistent with his guilt or otherwise called into question the voluntariness of his plea (see People v Lopez, 71 NY2d 662, 666 [1988]; People v Gannon, 167 AD3d 1163, 1165 [2018]; People v Letohic, 166 AD3d 1223, 1223 [2018], lv denied 32 NY3d 1174 [2019]).
Garry, P.J., Clark, Devine and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.