People v Thibault (2019 NY Slip Op 04579)





People v Thibault


2019 NY Slip Op 04579


Decided on June 7, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 7, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CARNI, NEMOYER, AND CURRAN, JJ.


583 KA 18-00175

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JOSHUA M. THIBAULT, DEFENDANT-APPELLANT. 






LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA, D.J. & J.A. CIRANDO, PLLC, SYRACUSE (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JAMES B. RITTS, DISTRICT ATTORNEY, CANANDAIGUA (V. CHRISTOPHER EAGGLESTON OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Ontario County Court (William F. Kocher, J.), rendered June 6, 2016. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, menacing a police officer or peace officer, unlawful imprisonment in the second degree, harassment in the second degree and endangering the welfare of a child. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of, inter alia, criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). Defendant's contention that his guilty plea was not knowing, voluntary, and intelligent is not preserved for our review because he did not move to withdraw his plea or to vacate the judgment of conviction (see People v Rojas, 147 AD3d 1535, 1536 [4th Dept 2017], lv denied 29 NY3d 1036 [2017]). Defendant likewise failed to preserve for our review his contention that the plea allocution is factually insufficient (see People v Abdallah, 23 AD3d 1116, 1116 [4th Dept 2005], lv denied 6 NY3d 845 [2006]). Contrary to defendant's further contention, "this case does not fall within the rare exception to the preservation requirement because nothing in the plea allocution calls into question the voluntariness of the plea or casts significant doubt' upon his guilt" (People v Robinson, 112 AD3d 1349, 1349 [4th Dept 2013], lv denied 23 NY3d 1042 [2014], quoting People v Lopez, 71 NY2d 662, 666 [1988]). We decline to exercise our power to review defendant's contentions as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]; People v Dixon, 147 AD3d 1518, 1519 [4th Dept 2017], lv denied 29 NY3d 1078 [2017]).
Finally, we reject defendant's contention that the period of postrelease supervision imposed is unduly harsh and severe (see People v Osteen, 145 AD3d 1515, 1517 [4th Dept 2016], lv denied 29 NY3d 951 [2017]).
Entered: June 7, 2019
Mark W. Bennett
Clerk of the Court