People v Schmiege (2019 NY Slip Op 04597)





People v Schmiege


2019 NY Slip Op 04597


Decided on June 7, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 7, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, DEJOSEPH, TROUTMAN, AND WINSLOW, JJ.


646 KA 18-00521

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
BRIAN E. SCHMIEGE, DEFENDANT-APPELLANT. 






ROBERT M. GRAFF, LOCKPORT, FOR DEFENDANT-APPELLANT.
CAROLINE A. WOJTASZEK, DISTRICT ATTORNEY, LOCKPORT (THOMAS H. BRANDT OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Niagara County (Richard C. Kloch, Sr., A.J.), rendered November 16, 2017. The judgment revoked defendant's sentence of probation and imposed a sentence of incarceration. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment revoking the sentence of probation previously imposed upon his conviction of burglary in the third degree (Penal Law § 140.20) and imposing an indeterminate term of incarceration of 2&frac13; to 7 years. Defendant failed to preserve for our review his challenge to the voluntariness of his admission to the violation of probation because he "did not move on that ground either to withdraw his admission . . . or to vacate the judgment revoking his sentence of probation" (People v Spangenberg, 118 AD3d 1444, 1444 [4th Dept 2014], lv denied 24 NY3d 965 [2014]; see People v Williams, 166 AD3d 1596, 1597 [4th Dept 2018], lv denied 32 NY3d 1211 [2019]). The rare exception to the preservation rule does not apply here because defendant said nothing during the admission colloquy that cast "significant doubt upon [his] guilt or otherwise call[ed] into question the voluntariness of the [admission]" (People v Lopez, 71 NY2d 662, 666 [1988]; see Williams, 166 AD3d at 1597). Contrary to defendant's further contention, the sentence is not unduly harsh or severe.
Entered: June 7, 2019
Mark W. Bennett
Clerk of the Court