People v Whitfield (2019 NY Slip Op 09222)





People v Whitfield


2019 NY Slip Op 09222


Decided on December 20, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, TROUTMAN, AND BANNISTER, JJ.


1306 KA 17-01376

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JAMES WHITFIELD, DEFENDANT-APPELLANT. 






KATHRYN FRIEDMAN, BUFFALO, FOR DEFENDANT-APPELLANT. 
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (ASHLEY R. LOWRY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Erie County (John L. Michalski, A.J.), rendered July 12, 2017. The judgment convicted defendant upon his plea of guilty of attempted burglary in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of attempted burglary in the third degree (Penal Law
§§ 110.00, 140.20), defendant contends that his plea was not knowingly, intelligently, or voluntarily entered. We affirm. Although that contention survives the waiver of the right to appeal (see People v Reinard, 134 AD3d 1407, 1408 [4th Dept 2015], lv denied 27 NY3d 1074 [2016], cert denied — US &mdash, 137 S Ct 392 [2016]; People v Guantero, 100 AD3d 1386, 1387 [4th Dept 2012], lv denied 21 NY3d 1004 [2013]), defendant failed to preserve his contention for our review because he did not move to withdraw the plea or to vacate the judgment of conviction (see People v Morrow, 167 AD3d 1516, 1517 [4th Dept 2018], lv denied 33 NY3d 951 [2019]; People v Sheppard, 149 AD3d 1569, 1569 [4th Dept 2017], lv denied 29 NY3d 1133 [2017]). Furthermore, this case does not fall within the rare exception to the preservation doctrine inasmuch as nothing in the plea colloquy "casts significant doubt upon the defendant's guilt or otherwise calls into question the voluntariness of the plea" (People v Lopez, 71 NY2d 662, 666 [1988]; see Sheppard, 149 AD3d at 1569).
Entered: December 20, 2019
Mark W. Bennett
Clerk of the Court