People v Habberfield (2020 NY Slip Op 05658)





People v Habberfield


2020 NY Slip Op 05658


Decided on October 9, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 9, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, CURRAN, AND BANNISTER, JJ.


827 KA 18-02045

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
SHARRY HABBERFIELD, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 






HAYDEN DADD, CONFLICT DEFENDER, GENESEO (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT.
GREGORY J. MCCAFFREY, DISTRICT ATTORNEY, GENESEO (JOSHUA J. TONRA OF COUNSEL), FOR RESPONDENT. 


 Appeal from a resentence of the Livingston County Court (Dennis S. Cohen, J.), rendered October 25, 2018. Defendant was resentenced upon her conviction of assault in the second degree. 
It is hereby ORDERED that the resentence so appealed from is unanimously affirmed.
Memorandum: In appeal No. 2, defendant appeals from a judgment convicting her upon her plea of guilty of assault in the second degree (Penal Law § 120.05 [7]) and, in appeal No. 1, she appeals from the resentence on that conviction. We note at the outset that, inasmuch as the sentence in appeal No. 2 was superseded by the resentence in appeal No. 1, the appeal from the judgment in appeal No. 2 insofar as it imposed sentence must be dismissed (see People v Weathington [appeal No. 2], 141 AD3d 1173, 1173 [4th Dept 2016], lv denied 28 NY3d 975 [2016]; People v Primm, 57 AD3d 1525, 1525 [4th Dept 2008], lv denied 12 NY3d 820 [2009]). We otherwise affirm the judgment in appeal No. 2 and affirm the resentence in appeal No. 1.
In appeal No. 2, defendant contends that her plea was not knowingly, voluntarily, or intelligently entered. We conclude that defendant " 'failed to preserve that contention for our review by moving to withdraw [the] plea or to vacate the judgment of
conviction' " (People v Wilkes, 160 AD3d 1491, 1491 [4th Dept 2018], lv denied 31 NY3d 1154 [2018]; see People v Trinidad, 23 AD3d 1060, 1061 [4th Dept 2005], lv denied 6 NY3d 760 [2005]). This case does not fall within the "rare exception to the preservation rule" (Trinidad, 23 AD3d at 1061; see People v Lopez, 71 NY2d 662, 666 [1988]).
We reject defendant's contention in appeal No. 1 that County Court should have held a hearing to address certain alleged errors in the presentence report. Although defendant "object[ed] to several of th[o]se errors at sentencing," because she did not specifically request a hearing, that issue is unpreserved for our review (People v Elmore, 175 AD3d 1003, 1006 [4th Dept 2019], lv denied 34 NY3d 1158 [2020]; see People v Russell, 133 AD3d 1199, 1200 [4th Dept 2015], lv denied 26 NY3d 1149 [2016]). In any event, defendant's contention is without merit because there is nothing in the record to establish that the court relied on any of the alleged errors in imposing sentence (see People v Ferguson, 177 AD3d 1247, 1250 [4th Dept 2019]; Elmore, 175 AD3d at 1006).
Finally, in appeal No. 1, we conclude that the resentence is not unduly harsh or severe.
Entered: October 9, 2020
Mark W. Bennett
Clerk of the Court