People v Moody (2020 NY Slip Op 07593)





People v Moody


2020 NY Slip Op 07593


Decided on December 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
COLLEEN D. DUFFY
HECTOR D. LASALLE
PAUL WOOTEN, JJ.


2018-03134

[*1]The People of the State of New York, respondent,
v
Scott Moody, appellant. (S.C.I. No. 277/17)


Thomas N.N. Angell, Poughkeepsie, NY (Lawrence D. King of counsel), for appellant.
William V. Grady, District Attorney, Poughkeepsie, NY (Kristen A. Rappleyea of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Dutchess County (Edward T. McLoughlin, J.), rendered January 29, 2018, convicting him of failure to register and verify as a sex offender, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that his plea of guilty to the charge of failure to register and verify as a sex offender was not voluntary because his factual allocution was insufficient to establish the legal sufficiency of the charge is unpreserved for appellate review since the defendant failed to move to withdraw his plea or to vacate the judgment of conviction (see CPL 220.60[3], 440.10; People v Lopez, 71 NY2d 662, 665; People v Colliton, 130 AD3d 642). Moreover, the exception to the preservation requirement does not apply here because the defendant's allocution did not cast significant doubt on his guilt, negate an essential element of the crime, or call into question the voluntariness of his plea (see People v Lopez, 71 NY2d at 666; People v Young, 88 AD3d 918). In any event, the facts admitted by the defendant during his plea allocution were sufficient to support his plea of guilty, and there is no basis for assuming that the defendant might have pleaded improvidently or that he was unaware of what he was doing (see People v Goldstein, 12 NY3d 295, 301; People v Seeber, 4 NY3d 780, 781; People v Colliton, 130 AD3d at 642).
MASTRO, J.P., MILLER, DUFFY, LASALLE and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court