People v Parsons (2021 NY Slip Op 06520)





People v Parsons


2021 NY Slip Op 06520


Decided on November 19, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, TROUTMAN, WINSLOW, AND DEJOSEPH, JJ.


994 KA 17-00495

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TYRONE A. PARSONS, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (HELEN SYME OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (DEREK HARNSBERGER OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Thomas E. Moran, J.), rendered January 9, 2017. The judgment convicted defendant upon a plea of guilty of attempted criminal possession of a weapon in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon a plea of guilty of attempted criminal possession of a weapon in the third degree (Penal Law §§ 110.00, 265.02 [1]), defendant contends that his plea colloquy does not set forth the elements of the crime to ensure that he knowingly entered his plea. We note that defendant does not challenge the validity of his waiver of the right to appeal. Defendant's contention " 'is actually a challenge to the factual sufficiency of the plea allocution,' " which is encompassed by his valid waiver of the right to appeal (People v Rodriguez, 173 AD3d 1840, 1841 [4th Dept 2019], lv denied 34 NY3d 953 [2019]; see People v Burtes, 151 AD3d 1806, 1807 [4th Dept 2017], lv denied 30 NY3d 978 [2017]).
Moreover, even assuming, arguendo, that the waiver of the right to appeal is invalid (see generally People v Dozier, 179 AD3d 1447, 1447 [4th Dept 2020], lv denied 35 NY3d 941 [2020]), we conclude that defendant's "challenge to the factual sufficiency of the plea allocution . . . is not preserved for our review inasmuch as defendant did not move to withdraw his plea or to vacate the judgment of conviction" (People v Pryce, 148 AD3d 1625, 1625-1626 [4th Dept 2017], lv denied 29 NY3d 1085 [2017]; see People v Turner, 175 AD3d 1783, 1784 [4th Dept 2019], lv denied 34 NY3d 1082 [2019]), and this case does not fall within the narrow exception to the preservation rule set
forth in People v Lopez (71 NY2d 662, 666 [1988]).
Entered: November 19, 2021
Ann Dillon Flynn
Clerk of the Court