People v Rios (2024 NY Slip Op 00549)

People v Rios

2024 NY Slip Op 00549

Decided on February 2, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 2, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, BANNISTER, OGDEN, AND DELCONTE, JJ.

957 KA 20-01133

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
RYAN F. RIOS, ALSO KNOWN AS RYAN RIOS, ALSO KNOWN AS RYAN FERNANDO RIOS, DEFENDANT-APPELLANT. 

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (BHAGYASHREE GUPTE OF COUNSEL), FOR DEFENDANT-APPELLANT.
KEVIN T. FINNELL, DISTRICT ATTORNEY, BATAVIA (WILLIAM G. ZICKL OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Genesee County Court (Charles N. Zambito, J.), rendered February 18, 2020. The judgment convicted defendant upon his plea of guilty of rape in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of rape in the second degree (Penal Law
§ 130.30 [1]). Even assuming, arguendo, that defendant's waiver of the right to appeal is invalid and therefore does not preclude his challenge to the severity of the sentence (see People v Hoffman, 191 AD3d 1262, 1263 [4th Dept 2021], lv denied 36 NY3d 1097 [2021]), we conclude that the sentence is not unduly harsh or severe.
Defendant also contends that his guilty plea was not knowing, voluntary, and intelligent because County Court failed to advise him of the possibility of civil confinement pursuant to the Sex Offender Management and Treatment Act (Mental Hygiene Law § 10.01 et seq.). Defendant failed to move to withdraw the plea or to vacate the judgment of conviction on that ground, however, and thus he failed to preserve his contention for our review (see People v Colbert, 84 AD3d 1755, 1755 [4th Dept 2011], lv denied 17 NY3d 815 [2011]; see also People v Miller, 166 AD3d 812, 813 [2d Dept 2018], lv denied 33 NY3d 951 [2019]). This case does not fall within the rare exception to the preservation requirement set forth in People v Lopez (71 NY2d 662, 666 [1988]).
Entered: February 2, 2024
Ann Dillon Flynn
Clerk of the Court