People v Dozier (2024 NY Slip Op 02602)

People v Dozier

2024 NY Slip Op 02602

Decided on May 09, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 09, 2024

Before: Manzanet-Daniels, J.P., Singh, Kapnick, Gesmer, Rodriguez, JJ. 

Ind. No. 4451/18 Appeal No. 2252 Case No. 2019-04637 

[*1]The People of the State of New York, Respondent,
v
Karl Dozier, Defendant-Appellant.

Caprice R. Jenerson, Office of the Appellate Defender, New York (Samuel Steinbock-Pratt of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Julianna Sousou of counsel), for respondent.

Judgment, Supreme Court, New York County (Curtis J. Farber, J.), rendered June 19, 2019, convicting defendant, upon his plea of guilty, of rape in the first degree, and sentencing him, as a second felony offender, to a term of 12 years, unanimously reversed, on the law, the plea vacated, and the matter remanded for further proceedings. 
The narrow exception to the preservation requirement applies in this "rare case" where defendant made statements that cast doubt upon his guilt and the court failed to satisfy its duty of inquiring further to ensure that defendant's plea was knowing and voluntary (People v Lopez, 71 NY2d 662, 666 [1988]). Although defendant's statements at sentencing raised a possible intoxication defense, the court did not make any inquiry regarding the statements or the applicability of the defense. The court's failure to ensure that defendant understood the defense and was waiving his right to pursue it at trial requires vacatur of the plea (see People v Muniz-Cayetano, 186 AD3d 1169, 1171-1172 [1st Dept 2020], lv denied 36 NY3d 1052 [2021]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 9, 2024