People v Feliciano (2025 NY Slip Op 00167)

People v Feliciano

2025 NY Slip Op 00167

Decided on January 09, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 09, 2025

Before: Moulton, J.P., Kapnick, Scarpulla, Mendez, O'Neill Levy, JJ. 

Ind. No. 2160/14 Appeal No. 3447 Case No. 2019-03885 

[*1]The People of the State of New York, Respondent,
v
Jimmy Feliciano, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Noah Sherr Breslau of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Hunter Brehren of counsel), for respondent.

Judgment, Supreme Court, New York County (Michael J. Obus, J.), rendered November 19, 2018, convicting defendant, upon his plea of guilty, of attempted burglary in the second degree, and sentencing him, as a persistent violent felony offender, to a term of 12 years to life, unanimously affirmed.
Defendant failed to preserve his argument that his plea was invalid because the plea agreement allegedly conditioned access to adequate medical care on pleading guilty (see People v Flowers, 30 NY2d 315 [1972]) or his argument that the plea agreement was impermissibly vague. Defendant did not move to withdraw his plea or to vacate the conviction pursuant to CPL 440.10 (see People v Louree, 8 NY3d 541, 545 [2007]) and the instant circumstances do not qualify for the narrow exception to the preservation rule set forth in People v Lopez (71 NY2d 662, 666 [1988]). As alternative holdings, we find that defendant fails to establish that his guilty plea was, to any degree, the product of duress (see People v Flowers, 30 NY2d 315) or that the plea agreement was impermissibly vague.
Defendant's argument that the court violated due process and abused its discretion by imposing the negotiated 12-year prison term after defendant twice violated the conditions of his placement in a nursing home is unpreserved, and we decline to review it in the interest of justice. As an alternative holding, we find that the court acted within its discretion. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 9, 2025