People v Myers (2025 NY Slip Op 06934)

People v Myers

2025 NY Slip Op 06934

Decided on December 11, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 11, 2025

CR-24-2072
[*1]The People of the State of New York, Respondent,
vRobert A. Myers Jr., Appellant.

Calendar Date:November 13, 2025

Before:Clark, J.P., Reynolds Fitzgerald, Lynch, Ceresia and Powers, JJ.

John J. Raspante, Utica, for appellant.
Christina Pearson, District Attorney, Fonda (Leigh Aman of counsel), for respondent.

Lynch, J.
Appeal from a judgment of the County Court of Montgomery County (Chad Brown, J.), rendered July 16, 2024, convicting defendant upon his plea of guilty of the crime of attempted criminal possession of a weapon in the first degree.
In 2023, defendant was charged in a 17-count indictment with, among other things, various weapon and drug-related offenses. Pursuant to a negotiated disposition that contemplated a sentence of nine years of incarceration, to be followed by 2½ years of postrelease supervision, defendant pleaded guilty to a reduced offense of attempted criminal possession of a weapon in the first degree and waived his right to appeal both orally and in writing. The plea agreement contemplated that defendant would remain at liberty up to sentencing so that he could care for his ailing spouse. In addition, County Court administered a Parker admonishment, advising defendant that it would not be bound by the sentencing commitment if defendant failed to abide by certain conditions, which defendant acknowledged he understood. Despite one successful request for an adjournment of sentencing, defendant failed to appear at the June 2024 sentencing proceeding, thereby violating the Parker warnings and resulting in the issuance of a bench warrant. That warrant was vacated approximately a month later when defendant appeared for sentencing in July 2024, at which time County Court, pursuant to a negotiated enhanced sentencing disposition, imposed a sentence of 12 years of incarceration, to be followed by four years of postrelease supervision. Defendant appeals.
We affirm. Defendant contends that his guilty plea was not voluntary because he was forced to accept the underlying plea agreement in order to remain at liberty prior to sentencing to take care of his spouse. Although his challenge in this respect to the voluntariness of his guilty plea survives the appeal waiver regardless of its validity (see People v Thomas, 34 NY3d 545, 558 [2019]; People v Harrigan, 239 AD3d 1153, 1155 [3d Dept 2025]), it is unpreserved because defendant did not move to withdraw his plea or otherwise raise the issue before County Court (see People v Bailey, 232 AD3d 1031, 1033 [3d Dept 2024], lv denied 43 NY3d 929 [2025]). Similarly, to the extent that defendant challenges the factual sufficiency of his plea allocution, such claim is also unpreserved (see People v Harrigan, 239 AD3d at 1155; People v Snyder, 235 AD3d 1072, 1073 [3d Dept 2025]). Moreover, defendant made no statements during that allocution that negated an element of the crime or cast doubt on the voluntariness of the plea so as to trigger the narrow exception to the preservation rule (see People v Williams, 27 NY3d 212, 214 [2016]; People v Lopez, 71 NY2d 662, 666 [1988]). In any event, were we to review defendant's claims, we would find that the record belies his assertion that he was coerced into accepting the plea (see People v Bailey, 232 AD3d at 1034). Finally, defendant raises no issue with respect to the [*2]enhanced sentence.
Clark, J.P., Reynolds Fitzgerald, Ceresia and Powers, JJ., concur.
ORDERED that the judgment is affirmed.