Judgment, Supreme Court, New York County (Carol Berkman, J.), rendered June 17, 2011, as amended June 27, 2011, convicting defendant, *416 upon his plea of guilty, of murder in the first and second degrees and attempted rape in the first degree, and sentencing him to an aggregate term of 23 years to life, unanimously affirmed.
Because defendant never moved to withdraw his guilty plea or to vacate the judgment, his challenge to the voluntariness of his plea is unpreserved, and we decline to review it in the interest of justice (see e.g. People v Negron, 222 AD2d 327 [1st Dept 1995], lv denied 88 NY2d 882 [1996]). The narrow exception to the preservation rule (see People v Lopez, 71 NY2d 662, 666 [1988]) does not apply here, because nothing in the plea allocution cast any doubt on defendant’s guilt.
As an alternative holding, we reject his argument on the merits. The plea allocution record establishes the voluntariness of the plea. “[Defendant said nothing about intoxication in his plea allocution itself, regardless of what he may have said on other occasions” (People v Wilson, 107 AD3d 532, 532 [1st Dept 2013]), and the court was “not required to make a sua sponte inquiry regarding defendant’s mention of intoxication” at other junctures (People v Fiallo, 6 AD3d 176, 177 [2004], lv denied 3 NY3d 640 [2004]). In any event, there is nothing in the record to suggest that defendant’s intoxication rendered him unable to form the requisite intent to commit murder and rape (see generally Penal Law § 15.25). Concur — Friedman, J.P., Moskowitz, Richter, Manzanet-Daniels and Gische, JJ.