■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT BRAZIL, Appellant. [998 NYS2d 181]—

Judgment, Supreme Court, New York County (Robert M. Stolz, J.), rendered March 9, 2011, convicting defendant, upon his plea of guilty, of criminal sale of a controlled substance in the fifth degree, and sentencing him, as a second felony drug offender previously convicted of a violent felony, to a term of $2^{1}/_{2}$ years, unanimously affirmed.

Defendant claims that his plea was involuntary because the court did not advise him that if he was not a United States citizen, he could be deported as a result of his plea, as required under *People v Peque* (22 NY3d 168 [2013], *cert denied* 574 US —, 135 S Ct 90 [2014]). The People argue that *Peque* is a new rule within the meaning of *People v Pepper* (53 NY2d 213 [1981], *cert denied* 454 US 967 [1981]), and therefore should apply prospectively only, and not to cases that were on direct appeal when *Peque* was decided. Contrary to the People's contention, we find that *Peque* is a rule of federal constitutional law. *Peque* was primarily based on federal constitutional principles. Indeed, *Peque* relied mainly on federal case law and state authorities grounded in federal constitutional principles (*see People v Harnett*, 16 NY3d 200, 206 [2011]; *People v Gravino*, 14 NY3d 546, 553-554 [2010]). Any new rule of criminal procedure mandated by the federal constitution must apply to the cases still on direct appeal (*People v Martello*, 93 NY2d 645, 650 [1999], citing *Griffith v Kentucky*, 479 US 314 [1987]). Accordingly, *Peque* is applicable to this case, since it is on direct appeal (*Griffith v Kentucky*, 479 US 314 [1987]).

Although the plea court did not advise defendant of potential deportation consequences, we see no reason to extend relief under *People v Peque*, in light of the fact that defendant affirmatively misrepresented to the court that he was a United States citizen. We have considered and rejected defendant's arguments to the contrary. Given the prior bail proceeding at which defendant's immigration status was discussed, it is highly unlikely that defendant mistakenly believed he was an American citizen. In any event, if that was his belief, he would not have had any reason to be concerned about deportation. Concur—Sweeny, J.P., Renwick, Saxe and Richter, JJ.