■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER BELLIARD, Appellant. [22 NYS3d 425]—

Appeal from judgment, Supreme Court, Bronx County (William I. Mogulescu, J., at plea; George R. Villegas, J., at sentencing), rendered March 1, 2013, convicting defendant of robbery in the third degree, and sentencing him to a term of 1½ to 4½ years, held in abeyance, and the matter remitted for further proceedings in accordance herewith.

During the plea proceeding, the court asked defense counsel if he had discussed with defendant the "immigration consequences of this guilty plea." Defense counsel replied, "Yes. It's not applicable in this case." Despite an additional reference to "immigration consequences," the court did not advise defendant that if he was not a United States citizen, he could be deported as a result of his plea, as required under *People v Peque* (22 NY3d 168 [2013], *cert denied sub nom. Thomas v New York*, 574 US —, 135 S Ct 90 [2014]), which applies to cases on direct appeal (*People v Brazil*, 123 AD3d 466 [1st Dept 2014], *lv denied* 25 NY3d 1198 [2015]). Therefore, defendant should be afforded the opportunity to move to vacate his plea upon a showing that there is a "reasonable probability" that he would not have pleaded guilty had the court advised him of the possibility of deportation (*Peque*, 22 NY3d at 198).

Accordingly, we remit for the remedy set forth in *Peque* (22 NY3d at 200-201), and we hold the appeal in abeyance for that purpose. Concur—Acosta, J.P., Andrias, Manzanet-Daniels and Kapnick, JJ.