■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATALIO PASTOR, Appellant. [25 NYS3d 160]—

Judgment, Supreme Court, Bronx County (Denis J. Boyle, J.), rendered October 5, 2011, convicting defendant, upon his plea of guilty, of assault in the second degree, and sentencing him to a term of nine months, affirmed.

Defendant's challenges to his plea are unpreserved, and they do not come within the narrow exception to the preservation requirement (*see People v Conceicao*, 26 NY3d 375 [2015]; *People v Peque*, 22 NY3d 168, 183 [2013], *cert denied sub nom. Thomas v New York*, 574 US —, 135 S Ct 90 [2014]). We decline to review these claims in the interest of justice. As an alternate holding, we find no basis for reversal.

Defendant argues that his guilty plea was not knowingly, intelligently and voluntarily made because the trial court failed to ask him about a possible justification defense. Defendant argues that at sentencing, the court noted it had read the presentence report, and the court should have advised defendant about a possible justification defense. However, during the plea allocution itself, defendant said nothing that negated any element of the crime (*see People v Toxey*, 86 NY2d 725 [1995]), or raised the defense of justification. In the absence of a motion to withdraw the plea, the court had no obligation to conduct a sua sponte inquiry into a statement by defendant, reflected in the presentence report, that alluded to a possible justification defense (*see e.g. People v Praileau*, 110 AD3d 415 [1st Dept 2013], *lv denied* 22 NY3d 1202 [2014]).

Defendant further claims his plea was not knowingly, intelligently and voluntarily made because he was misadvised about potential immigration consequences of his plea. During the allocution, the court stated, "Now under the law, I have the responsibility to tell you if you are not a citizen, you may face deportation or denial of your naturalization given this plea today; is that understood?" Defendant replied yes. Defense counsel then said, "Judge, I want to put on the record that although I fully discussed the consequences of this plea with my client, although it is not relevant to this case [sic]." Here, as required, the court correctly notified defendant that if he was not a United States citizen, he may be deported upon a guilty plea (*see Peque*, 22 NY3d at 196-197). The court assured itself that defendant knew of the possibility of deportation prior to entering the guilty plea, and therefore the plea was

knowing, intelligent and voluntary (*id.* at 176, 196-197). Additionally, counsel stated that he had fully discussed the consequences of the plea with defendant.

The dissent focuses on the portion of defense counsel's statement, which was made following the court's immigration warning, that "it is not relevant to this case," and argues the court should have "rectified" the misstatement. However, nothing in the record shows this was a misstatement. Defendant was not here legally, and counsel's statement could have been based on the fact that defendant was subject to removal for other reasons, which would have made the deportation consequences of this plea irrevelant. It also is possible counsel made this statement because defendant was prepared to plead guilty despite any potential immigration consequences of this plea. In any event, on this record, we do not know exactly what counsel was thinking, but it is not correct to characterize this as incorrect legal advice. *Peque* does not require that the court ascertain more information about counsel's discussions with defendant. Rather, it mandates that the court give defendant the appropriate warning.

The dissent cites *People v Belliard* (135 AD3d 437 [2016]) to show that the trial court's failure to clarify defense counsel's statement amounted to a *Peque* violation. In *Belliard* however, the trial court did not apprise defendant that, if he was not a United States citizen, he could be deported as a consequence upon his guilty plea. Here, the court gave the correct warning and satisfied *Peque* (*Peque* at 176, 196-197).

Finally, defendant in his appellate brief expressly states he is seeking only vacatur of the plea and dismissal of the indictment, and not a remand. Yet, despite this statement, the dissent would order a hearing before the trial court. We note vacatur of the plea and dismissal of the indictment is not a remedy available to defendant because no *Peque* violation appears on the record and he has not established prejudice as a matter of law. To the extent that defendant is suggesting his attorney gave him misadvice, his remedy, if any, is to file a CPL 440.10 motion. Concur—Tom, J.P., Sweeny and Richter, JJ.

Manzanet-Daniels, J., dissents in part in a memorandum as follows: On September 20, 2011, defendant appeared before the court with a Spanish interpreter. Defendant pleaded guilty to assault in the second degree, the sole original charge against him, in exchange for a term of nine months.

During the allocution, the court informed defendant that "if you are not a citizen, you may face deportation or denial of

your naturalization given this plea today; is that understood?" After a pause, defendant replied, "Yes." Counsel added that he had fully discussed the consequences of the plea with his client, although "it is not relevant to this case." On October 5, 2011, the court sentenced defendant in accordance with the plea agreement. The court noted that it had read the presentence report, but did not refer to its contents. The report indicated that defendant had been born in Mexico on April 3, 1970, and had been in the country illegally since 2001. Defendant and his wife had five children born in the United States.

Defendant's plea was not knowingly and voluntarily made because he was misadvised about the immigration consequences flowing from his plea. In *People v Peque* (22 NY3d 168 [2013], *cert denied sub nom. Thomas v New York*, 574 US —, 135 S Ct 90 [2014]), the Court of Appeals held that before accepting a plea, due process requires that a court "apprise a defendant that, if the defendant is not an American citizen, he or she may be deported as a consequence of a guilty plea to a felony" (*id.* at 176). The Court reasoned that "fundamental fairness . . . requires a trial court to make a noncitizen defendant aware of the risk of deportation because deportation frequently results from a noncitizen's guilty plea and constitutes a uniquely devastating deprivation of liberty" (*id.* at 193). Accordingly, "a noncitizen defendant convicted of a removable crime can hardly make 'a voluntary and intelligent choice among the alternative courses of action'" unless informed of the possibility of deportation (*id.* at 192).

The court's initial advice to defendant—i.e., that if he were a noncitizen there might be immigration consequences—was immediately negated by counsel, who noted that he had discussed the consequences of the plea with his client and stated—incorrectly—that those consequences were "not relevant to this case." The court did nothing to rectify the misstatement, essentially endorsing it. This case is in all relevant respects similar to a recent one in which we found that the court's failure to clarify defense counsel's statement that "[immigration consequences are] not applicable in this case," amounted to a *Peque* violation (*People v Belliard*, 135 AD3d 437, 437 [2016]). In *Belliard*, the court's failure to countermand defense counsel's erroneous statements that "immigration consequences" were "not applicable in this case," left the defendant with a mistaken view regarding the immigration consequences of his plea; so too, here, counsel's statement that immigration consequences were "not relevant to this case" had the effect of undermining the court's initial advice to defendant.

Defendant should be afforded the opportunity to move to vacate his plea upon a showing of a "reasonable probability that, had the court warned the defendant of the possibility of deportation, he or she would have rejected the plea and opted to go to trial" (*Peque*, 22 NY3d at 176). After 10 years in the United States, with five minor citizen children reliant on him for support, defendant was potentially eligible to become a lawful permanent resident (*see* 8 USC § 1229b [b] [1] [cancellation of removal and adjustment of status for certain nonpermanent residents]). Such relief is not available to one convicted of a "crime involving moral turpitude" such as the one to which defendant pleaded guilty (8 USC § 1182 [a] [2] [A] [I]). I would accordingly hold the appeal in abeyance pending remand for a prejudice hearing. Defendant has not expressly requested a hearing, believing the prejudice to him to be patent from the record; however, a majority of the *Peque* court decreed that a hearing, and not automatic vacatur of the plea, is the proper remedy for the violation.