■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE BERMUDEZ, Appellant. [62 NYS3d 57]—

Appeal from judgment, Supreme Court, Bronx County (Patricia DiMango, J.), rendered August 6, 2013, convicting defendant, upon his plea of guilty, of robbery in the second degree, and sentencing him to a term of 3½ years, held in abeyance, and the matter remitted for further proceedings in accordance herewith.

During the plea proceeding, the court asked defendant whether he was a United States citizen, and defendant answered "No." Rather than advising defendant that if he was not a United States citizen, he could be deported as a result of his plea, as required under *People v Peque* (22 NY3d 168 [2013], *cert denied sub nom. Thomas v New York*, 574 US —, 135 S Ct 90 [2014]), which applies to cases on direct appeal (*People v Brazil*, 123 AD3d 466 [1st Dept 2014], *lv denied* 25 NY3d 1198 [2015]), the court asked defendant, "You are not a U.S. citizen?" to which defendant answered, "Oh yeah, yeah." Given the phrasing of the question in the negative, the response could be interpreted as asserting either citizenship or noncitizenship. The court did not inquire further into defendant's answers or advise him of the immigration consequences of his plea, and the record is devoid of any indication that defendant was otherwise aware, such as through defense counsel, of those consequences. Nor does this exchange, in the context of the plea allocution, suggest that defendant affirmatively misrepresented his immigration status, as he accurately answered the court's question (*compare Brazil*, 123 AD3d at 467). Thus, his responses, even if contradictory, did not absolve the court of the obligation to state briefly that the guilty plea could render defendant deportable.

Therefore, defendant should be afforded the opportunity to move to vacate his plea upon a showing that there is a "reasonable probability" that he would not have pleaded guilty had the court advised him of the possibility of deportation (*Peque*, 22 NY3d at 198; *see People v Belliard*, 135 AD3d 437, 438 [1st Dept 2016]). Accordingly, we remit for the remedy set forth in *Peque* (22 NY3d at 200-201), and we hold the appeal in abeyance for that purpose. Concur—Sweeny, J.P., Moskowitz, Kahn and Gesmer, JJ.