People v Rojas (2018 NY Slip Op 01543)





People v Rojas


2018 NY Slip Op 01543


Decided on March 8, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 8, 2018

Renwick, J.P., Richter, Andrias, Kapnick, Kahn, JJ.


5928 3555/14

[*1]The People of the State of New York, Respondent,
v
Samuel Rojas, Defendant-Appellant.


Seymour W. James, Jr., The Legal Aid Society, New York (Eve Kessler of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Michael J. Yetter of counsel), for respondent.



Judgment, Supreme Court, New York County (Robert M. Stolz, J.), rendered February 11, 2015, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree, and sentencing him to a term of six months, unanimously affirmed.
Defendant's challenge to his plea is unpreserved, and we decline to review it in the interest of justice. The narrow exception to the preservation rule (see People v Lopez, 71 NY2d 662, 666 [1988]) does not apply, because "[d]efendant said nothing during the plea colloquy or the sentencing proceeding that negated an element of the crime or raised the possibility of a . . . defense" (People v Pastor, 28 NY3d 1089, 1090-1091 [2016]). Defendant asserts that he made an exculpatory statement when he was interviewed in connection with a presentence report. While such an interview may be conducted in anticipation of sentencing, it is not part of the actual sentencing proceeding, which occurs in open court. We have repeatedly held that the Lopez exception does not apply to statements in presentence reports. We so held in Pastor (136 AD3d 493, 493 [1st Dept 2016]), which the Court of Appeals affirmed.
As an alternative holding, we find no basis on which to vacate the plea. As noted, the sentencing court had no obligation to conduct a sua sponte inquiry into defendant's out-of-court statement. Moreover, the allegedly exculpatory statement about how defendant acquired the drugs at issue did not directly negate the element of intent to sell.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 8, 2018
CLERK