People v Olivarez (2019 NY Slip Op 05092)





People v Olivarez


2019 NY Slip Op 05092


Decided on June 25, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 25, 2019

Gische, J.P., Tom, Kapnick, Kern, Moulton, JJ.


954/13 -3416/13 9727 9726 9725

[*1]The People of the State of New York, Respondent,
v
Robert Olivarez, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Mark W. Zeno of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Sheila L. Bautista of counsel), for respondent.



Judgments, Supreme Court, New York County (Melissa C. Jackson, J.), rendered September 18, 2013, convicting defendant, upon his plea of guilty, of bail jumping in the second degree, and same court (Richard M. Weinberg, J.), rendered February 20, 2014, convicting him, upon his plea of guilty, of criminal sale of a controlled substance in the third degree, and sentencing him to concurrent jail terms of six months; and order, same court (Jackson, J.), entered on or about February 5, 2015, which denied defendant's CPL 440.10 motion to vacate the September 18, 2013 judgment of conviction, unanimously affirmed.
Defendant has not established that the narrow exception to the preservation requirement applies to his Peque claim (see People v Peque, 22 NY3d 168, 182-183 [2013], cert denied sub nom. Thomas v New York, 574 US __, 135 S Ct 90 [2014]). He was informed of his potential deportation by a notice of immigration consequences that the People served at arraignment on defense counsel in defendant's presence (see People ex rel. Knowles v Smith, 54 NY2d 259, 266 [1981]), six months before defendant's plea of guilty to bail jumping in the second degree, thus giving him the opportunity to raise the issue, and rendering his claim unpreserved (see e.g. People v Barry, 149 AD3d 494 [1st Dept 2017], lv denied 29 NY3d 1123 [2017]). We decline to review his claim in the interest of justice. In any event, we see no reason to extend Peque relief to defendant. While Peque warnings ordinarily are required whether a defendant is a citizen or not (People v Palmer, 159 AD3d 118, 121 [1st Dept 2018]), defendant purposefully misrepresented to counsel and both plea courts that he was a United States citizen; thus, the fact that the court presiding over his combined plea and sentencing in his bail jumping case failed to advise him of the potential deportation consequences of his plea does not warrant Peque relief (People v Brazil, 123 AD3d 466, 467 [1st Dept 2014], lv denied 25 NY3d 1198 [2015]; see Palmer, 159 AD3d at 122).
Unlike in Palmer, where we afforded Peque relief notwithstanding defendant's original claim that he was a citizen, nothing in the record here alerted the court to question defendant's representation that he was born in New York. Nor does the record suggest that defendant suffered from the delusions the defendant in Palmer did (159 AD3d at 121). Defendant was unequivocally declared fit to proceed, and he answered all questions coherently during all proceedings.
Nor, in these circumstances, did defense counsel render ineffective assistance by failing to discover that defendant was not a citizen, and then advise him that his guilty plea would result in his mandatory deportation, or negotiate an immigration-friendly plea (see Padilla v Kentucky, 559 US 356 [2010]). Defense counsel asked defendant his status prior to entry of his guilty plea, and defendant — as he admits in his CPL 440.10 motion — falsely said that he was born in New York. Counsel was not obliged to probe further, particularly where defendant previously [*2]received a written notice of immigration consequences that advised noncitizens to consult with counsel regarding any possible adverse immigration consequences resulting from a guilty plea.
We have considered defendant's remaining contentions and find them unavailing or not properly before this Court.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 25, 2019
CLERK