People v Dupree (2025 NY Slip Op 00199)

People v Dupree

2025 NY Slip Op 00199

Decided on January 14, 2025

Appellate Division, First Department

SINGH, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 14, 2025
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Anil C. Singh
Ellen Gesmer Lizbeth González Manuel Mendez Julio Rodriguez III

Index No. 112/17 Appeal No. 2804 Case No. 2018-03559 

[*1]The People of the State of New York, Respondent,
v
Terrell Dupree, Defendant-Appellant.

Defendant appeals from a judgment of the Supreme Court, New York County (Mark Dwyer, J.), rendered February 16, 2018, and judgment of resentence, entered November 20, 2018, convicting defendant of manslaughter in the first degree and imposing sentence.

Twyla Carter, The Legal Aid Society, New York (Hilary Dowling of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Faith DiTrolio and Julia Gorski of counsel), for respondent.

SINGH, J.

At issue in this appeal is whether a court should inquire into the prosecution's comments, made during a plea or sentencing proceeding in open court, that raise a possible defense to the charged offense. We find that it must. Therefore, we vacate defendant's guilty plea.
Factual and Procedural Background
Defendant Terrell Dupree was charged with, among other offenses, murder in the second degree. The prosecution asserted that Dupree had an altercation with another man and then fatally shot him. Dupree pleaded guilty to manslaughter in the first degree. At the plea proceeding, the court asked defendant whether, with intent to cause serious physical injury to the victim, he had caused the death of the victim. Dupree replied that he had.
Before sentencing, Dupree was interviewed by the Department of Probation. He made the following statement: "I admitted to shooting someone in the leg and backand the bullet went through his chest. I was fighting with him (stranger) and was defending myself. I was drinking at the club and someone slipped something in my drink and I was leaving the club to get home. He saw me staggering and wanted to rob me." This statement was included in the presentence report (PSR).
At sentencing, Supreme Court asked whether the parties had any factual difficulties with the PSR. The prosecution replied, "I do have some factual difficulty relating to the defendant's statement which I do not believe there was a valid self-defense claim. In fact, it is not a valid self-defense claim. . . . So I do take issue with that part of his statement as well as his claimed intoxication." The court then asked, "and anything for the defense?" to which defense counsel replied, "no." The court later asked whether the defense would like to be heard as to the promised sentence and, finally, asked Dupree himself if there was anything he would like to add. Neither Dupree nor his attorney addressed the statement in the PSR or the prosecution's comment made in open court.
Supreme Court sentenced Dupree, as promised, to 21 years in prison followed by five years of postrelease supervision. For reasons not relevant to this appeal, this case was remitted to Supreme Court for resentencing, and the court imposed the same sentence. Dupree now appeals from both judgments.
Discussion
Dupree asserts that his statements to the Department of Probation demonstrate that he did not understand the nature of the offense to which he was pleading guilty. In particular, he argues that Supreme Court should have [*2]ensured that he understood the possibility of justification and intoxication defenses. The prosecution makes several counterarguments: a sentencing court has no obligation to ask about any out-of-court statements; Dupree's statement, in particular, did not show that his plea was less than knowing and voluntary; and, in any case, Supreme Court fulfilled any obligation by giving Dupree and defense counsel an opportunity to comment.
A Judge Must Respond to Comments that Suggest a Defendant's
Misunderstanding, Including the Prosecution's References to Out-of-Court Statements
It is well established that, during a plea colloquy, the court must make inquiries to ensure that the guilty plea is truly knowing and voluntary when a defendant indicates misunderstanding of the nature of the charges or consequences of a plea (see People v Gresham, 151 AD3d 1175, 1177-1178 [3d Dept 2017]). Failure to do so "requires vacatur of the plea" (People v Dozier, 227 AD3d 482, 482 [1st Dept 2024]). Among the indicia of misunderstanding that warrant inquiry are statements raising the possibility of a defense (see id.; People v Van Alstyne, 220 AD3d 1105, 1107 [3d Dept 2023]). A defendant may challenge the court's failure to inquire on appeal even though, as in this case, he did not move below to vacate the plea (see People v Lopez, 71 NY2d 662, 666 [1988]).[FN1]
Although there is no statewide consensus on this issue, in the First Department, the court's obligation extends to comments "during the plea colloquy or the sentencing proceeding" (People v Grant, 203 AD3d 477, 477 [1st Dept 2022], lv denied 38 NY3d 1033 [2022], quoting People v Pastor, 28 NY3d 1089, 1090 [2016]; see Dozier, 227 AD3d at 482 [vacating plea for failure to inquire into comments at sentencing]; see also Van Alstyne, 220 AD3d at 1107 [same]; Gresham, 151 AD3d at 1177-1178; but see People v Brown, 204 AD3d 1519 [4th Dept 2022] ["a trial court has no duty, in the absence of a motion to withdraw a guilty plea, to conduct a further inquiry concerning the plea's voluntariness based upon comments made by the defendant during sentencing"] [alterations and internal quotation marks omitted], lv denied 38 NY3d 1062 [2022]). What is clear, however, is that no obligation arises merely because the defendant makes such statements in a PSR (People v Grant, 203 AD3d 477, 478 [1st Dept 2022], lv denied 38 NY3d 1033 [2022], citing People v Rojas, 159 AD3d 468 [1st Dept 2018], lv denied 31 NY3d 1086 [2018]). That is true even if the judge has read the PSR (see People v Pastor, 136 AD3d 493, 493 [1st Dept 2016] [rejecting challenge to plea where "at sentencing, the court noted it had read the presentence report"], affd 28 NY3d 1089 [2016]). The reason for this difference is simple: a presentence interview "is not part of the actual sentencing proceeding, which occurs in open court" (Grant, 203 AD3d at 477-478; Rojas, 159 AD3d at 468).
The People contend that ends the matter: Because Dupree's statement was made during a presentence [*3]interview, rather than at plea or sentencing proceedings, it cannot prompt further inquiry; any reference to it in open court is irrelevant, however suggestive it may be of defendant's misunderstanding. We reject this formalism.
Judges are not charged with knowledge of the PSR because they "are not expected to be omniscient," neither are they the defendant's attorneys, so "there is no requirement that the Judge conduct a pro forma inquisition in each case" (Lopez, 71 NY2d at 666 n 2, quoting People v Francis, 38 NY2d 150, 154 [1975]). That is why our jurisprudence does not require courts to scour the entire record of a proceeding "on the off-chance that a defendant who is adequately represented by counsel and who admits the underlying facts may nevertheless not know what he is doing" (Lopez, 71 NY2d at 666 n 2, quoting Francis, 38 NY2d at 154). Rather, a reasonable limit to judges' inquiries is what occurs before them in open court (see id. ["Where there is no suggestion from the allocution that the guilty plea is 'improvident or baseless,' there is obviously nothing to alert the trial court to a potential problem or to trigger a further inquiry"], quoting People v Nixon, 21 NY2d 338, 350 [1967]; People v Praileau, 110 AD3d 415, 416 [1st Dept 2013]["Defendant said nothing about intoxication in his plea allocution itself, regardless of what he may have said on other occasions, and the court was not required to make a sua sponte inquiry regarding defendant's mention of intoxication at other junctures"] [internal alteration, citations, and quotation marks omitted], lv denied 22 NY3d 1202 [2014]). By the same token, however, what occurs in open court is the proper subject of inquiry by the judge.
In arguing otherwise, the prosecution contends that only statements by the defense trigger the court's obligation to inquire, citing to Pastor (28 NY3d at 1090-1091 ["Defendant said nothing during the plea colloquy or the sentencing proceeding that negated an element of the crime or raised the possibility of a justification defense"]) and Praileau (110 AD3d at 416 ["nothing in the plea allocution cast any doubt on defendant's guilt"]). It reads these cases too broadly. Both Pastor and Praileau addressed the responsibility of judges to ask about statements contained solely in the sentencing documents. As stated above, they have none, even if they may have known of the statement (see Pastor, 136 AD3d at 493). In neither case did any party, whether prosecution or defense, imply in open court that the defendant believed a possible defense existed. That is what distinguishes the case before us, because in this case, the prosecutor brought up the issue at sentencing. The quoted language clarifies that a defendant's statements in themselves require inquiry only if made "during the plea colloquy or the sentencing proceeding," "which occur[] in open court" (Grant, 203 AD3d at 477-478; Rojas, 159 AD3d at 468), not that the similar comments by the prosecution do not [*4]equally mandate further questioning (see Van Alstyne, 220 AD3d at 1107). We find that courts should address a prosecutor's comments indicating that a defendant may misunderstand the law, including those that refer to what the defendant has said out-of-court. Once a defendant's possible confusion is addressed at sentencing, regardless of where and how it was originally expressed, it becomes a "part of the actual sentencing proceeding," into which the judge must inquire (Grant, 203 AD3d at 477; Rojas, 159 AD3d at 468).
Finally, the prosecution argues that the intoxication defense was legally insufficient and that the justification defense was contradicted by evidence. "The fact remains, however, that, before accepting a plea of guilt where the defendant's story does not square with the crime to which he is pleading, the court should take all precautions to assure that the defendant is aware of what he is doing" (People v Serrano, 15 NY2d 304, 310 [1965]). Ascertaining the possibility (or impossibility) of any defenses, and ensuring that Dupree understood that possibility, was precisely why further inquiry was required (see Lopez,71 NY2d at 666-667 [affirming conviction because the court "did not accept defendant's guilty plea upon such a questionably sufficient allocution," but "inquired further to ensure the validity of the plea"]).
Supreme Court Should Have Inquired Whether the Plea Was Knowing and Voluntary
The prosecution further argues that if Supreme Court had to inquire further, it did so by asking if defense counsel had anything to say. Yet the Court of Appeals has never held that a court may satisfy its obligation merely by allowing the defense to speak. Neither have we. Rather, the law is clear that "the trial court has a duty to inquire further to ensure that defendant's guilty plea is knowing and voluntary" (Lopez, 71 NY2d at 666 [emphasis added]; see also e.g. Serrano, 15 NY3d at 310 ["once so advised that his version of the crime is not consistent with the charge to which he is pleading, a defendant might still wish to plead guilty . . . and such a plea could be accepted by the court"] [emphasis added]).
Ordinarily, of course, we assume that defense attorneys are able to speak for their clients. Cases such as Lopez, however, necessarily represent an exception to that rule. For good reason: the premise of these cases is that a defendant "who admits the underlying facts," despite being otherwise "adequately represented by counsel," may nevertheless be unaware of the law (Lopez,71 NY2d at 666 n 2, quoting Francis, 38 NY2d at 154; see Francis, 38 NY2d at 153 ["we are well aware that the acceptance of pleas is an area fraught with difficult problems and that a simplistic reliance on the presence of counsel is not a sufficient solution"]). Certainly, the burden was not on Dupree himself to raise the issue. The very problem is that he might not know of it. "[A] defendant can hardly be expected to move to withdraw his plea on a ground of [*5]which he has no knowledge" (People v Louree, 8 NY3d 541, 546 [2007]). Therefore, whatever the precise scope of the court's required inquiry, it must extend beyond asking general questions (see Lopez, 71 NY2d at 667, 667 n 3 [finding colloquy sufficient when court posed detailed factual questions to the defendant, who had conferred with counsel]).
Conclusion
Supreme Court failed to make the inquiries necessary to ensure that Dupree's guilty plea was knowing and voluntary. Accordingly, the judgment of the Supreme Court, New York County (Mark Dwyer, J.), rendered February 16, 2018, and judgment of resentence, entered November 20, 2018, convicting defendant of manslaughter in the first degree and sentencing him, as a second felony offender, to a term of 21 years followed by five years of postrelease supervision, should be reversed, on the law, defendant's guilty plea vacated, and the matter remanded for further proceedings.
Judgment, Supreme Court, New York County (Mark Dwyer, J.), rendered February 16, 2018, and judgment of resentence, entered November 20, 2018, reversed, on the law, defendant's guilty plea vacated, and the matter remanded for further proceedings.
Opinion by Singh, J. All concur.
Singh, J.P., Gesmer, González, Mendez, Rodriguez, JJ.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 14, 2025

Footnotes

Footnote 1: "[W]here a deficiency in the plea allocution is so clear from the record that the court's attention should have been instantly drawn to the problem, the defendant does not have to preserve a claim that the plea was involuntary because 'the salutary purpose of the preservation rule is arguably not jeopardized' " (People v Peque, 22 NY3d 168, 182 [2013], cert denied sub nom. Thomas v New York, 574 US 840 [2014],quoting Lopez, 71 NY2d at 665-666). To the extent, however, that defendant's challenge here is unpreserved (compare People v Williams, 27 NY3d 212, 221-223 [2016] [analyzing preservation under strict "practical ability" rule and noting, among other things, that "numerous adjournments . . . could have allowed counsel" time to research the plea's improprieties], with People v Conceicao, 26 NY3d 375, 381-384 [2015] [summarily concluding the defendants "faced a practical inability to move to withdraw their pleas" and thus that preservation was not required notwithstanding delay between plea and sentence]), we reach the issue as a matter of discretion in the interest of justice (see e.g. Williams, 27 NY3d at 224-225 [remitting "to the Appellate Division, which may decide whether to review defendant's unpreserved challenge to the validity of his plea as a matter of discretion in the interest of justice"]).