People v Rivera (2025 NY Slip Op 02043)

People v Rivera

2025 NY Slip Op 02043

Decided on April 08, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 08, 2025

Before: Renwick, P.J., Kapnick, Shulman, Rodriguez, Rosado, JJ. 

Ind. No. 574/20|Appeal No. 4052|Case No. 2022-01906|

[*1]The People of the State of New York, Respondent,
v
Richie Rivera, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Sarah E. Siegel of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Aidan Sanchez of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Beth Beller, J.), rendered April 19, 2022, convicting defendant, upon his plea of guilty, of attempted criminal possession of a firearm, and sentencing him to three years of probation, unanimously affirmed.
Defendant's challenges to the voluntariness of his plea are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal. Nothing that was a "part of the actual [plea] proceeding," including the statements made by the prosecutor (People v Dupree, — AD3d &mdash, 2025 NY Slip Op 00199, *2 [1st Dept 2025]), "clearly casts significant doubt upon the defendant's guilt or otherwise calls into question the voluntariness of the plea" (see People v Lopez, 71 NY2d 662, 666 [1988]). The prosecutor stated, and defendant did not dispute, that the video evidence showed defendant "point[ing] a gun at" a group of "unarmed" people. Thus, "[t]he remark that defendant claims to have warranted further inquiry did not raise a justification defense, because there was no suggestion that defendant was defending [himself] from the . . . imminent use of force" (People v Brown, 215 AD3d 574, 574 [1st Dept 2023], lv denied 40 NY3d 950 [2023]). Although defendant argues that he took possession of the gun to defend himself, as demonstrated by the fact that he was shot later that day, "the law is clear that defendant may not avoid the criminal possession charge by claiming that he possessed the weapon for his protection" (People v Williams, 36 NY3d 156, 163 [2020] [internal quotation mark and brackets omitted]). Accordingly, no further inquiry by the court was necessary.
Defendant also did not preserve his claim that the court misstated the law when it remarked that "there is no self[-]defense to possessing a weapon," and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits (see People v Castillo, 42 NY3d 628, 632 [2024] ["[j]ustification is not available as a defense to a possessory offense, including possession of a weapon with intent to use it unlawfully against another person"]).
Defendant made a valid waiver of his right to appeal (see People v Thomas, 34 NY3d 545 [2019], cert denied 589 US &mdash, 140 S Ct 2634 [2020]), which forecloses review of his excessive sentence claim. The combination of the court's oral colloquy and the detailed written waiver that defendant signed after consultation with counsel satisfied the requirements of a valid waiver. It is not dispositive that the court's oral colloquy and the execution of the written waiver occurred after defendant's allocution (see e.g. People v Kirlew, 231 AD3d 678, 678 [1st Dept 2024], lv denied 42 NY3d 1053 [2024]). In any event, we perceive no basis for reducing the sentence.
Defendant's valid waiver of his right to appeal also forecloses review of his claim that his weapon possession conviction is unconstitutional under New York State Rifle & Pistol Assn., Inc[*2]. v Bruen (597 US 1 [2022]) (see People v Johnson, 225 AD3d 453 [1st Dept 2024]). In any event, the issue is unpreserved (see People v Cabrera, 41 NY3d 35 [2023]; People v Khan, 225 ad3d 552 [1st Dept 2024], lv denied 41 NY3d 1019 [2024]) and we decline to consider it in the interest of justice. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 8, 2025