People v Rosario (2020 NY Slip Op 06655)





People v Rosario


2020 NY Slip Op 06655


Decided on November 13, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, NEMOYER, AND TROUTMAN, JJ.


976 KA 18-02427

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MELWIN ROSARIO, ALSO KNOWN AS MELWIN ROSARIO CASTRO, DEFENDANT-APPELLANT. 






HAYDEN DADD, CONFLICT DEFENDER, GENESEO (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT. 
GREGORY J. MCCAFFREY, DISTRICT ATTORNEY, GENESEO (JOSHUA J. TONRA OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Livingston County Court (Robert B. Wiggins, J.), rendered January 23, 2018. The judgment convicted defendant upon a plea of guilty of attempted assault in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of attempted assault in the first degree (Penal Law
§§ 110.00, 120.10 [1]), defendant contends that the plea was not voluntarily, knowingly, and intelligently entered. Defendant failed to preserve that contention for our review because he did not move to withdraw the plea or to vacate the judgment of conviction and, contrary to defendant's assertion, this case does not fall within the rare exception to the preservation requirement (see People v Lopez, 71 NY2d 662, 665-666 [1988]; People v Tapia, 158 AD3d 1079, 1080 [4th Dept 2018], lv denied 31 NY3d 1088 [2018]). Even assuming, arguendo, that defendant's statements during the plea colloquy "clearly cast[] significant doubt upon [his] guilt or otherwise call[ed] into question the voluntariness of the plea," we conclude on this record that County Court fulfilled its "duty to inquire further to ensure that defendant's guilty plea [was] knowing and voluntary" (Lopez, 71 NY2d at 666; see Tapia, 158 AD3d at 1080). Contrary to defendant's further contention, the sentence is not unduly harsh or severe.
Entered: November 13, 2020
Mark W. Bennett
Clerk of the Court