People v Flinn (2020 NY Slip Op 06808)





People v Flinn


2020 NY Slip Op 06808


Decided on November 18, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 18, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SHERI S. ROMAN
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2018-05027
 (Ind. No. 1713/17)

[*1]The People of the State of New York, respondent,
v
Daniel Flinn, appellant. Matthew Muraskin, Port Jefferson, NY, for appellant.


Timothy D. Sini, District Attorney, Riverhead, NY (Thomas C. Costello and Glenn Green of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Timothy P. Mazzei, J.), rendered March 12, 2018, convicting him of robbery in the first degree (two counts), upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that his plea of guilty was not knowing, voluntary, and intelligent is unpreserved for appellate review, since he did not move to withdraw the plea (see People v Lopez, 71 NY2d 662, 665). In any event, contrary to the defendant's contention, he was adequately advised of the constitutional rights he was forfeiting by pleading guilty (see Boykin v Alabama, 395 US 238, 243), and the record affirmatively demonstrates the defendant's understanding and waiver of these rights (People v Sherman, 177 AD3d 777, 779). Contrary to the defendant's further contention, the facts to which the defendant admitted at the plea proceeding did not cast significant doubt on his guilt, negate an essential element of the crime, or call into question the voluntariness of the plea (see id.; Poeple v Ospina, 175 AD3d 513). To the extent that the defendant raises contentions regarding the factual sufficiency of the plea that do not implicate the knowing and voluntary nature of the plea, those contentions are waived by the defendant's valid waiver of his right to appeal (see People v Ringler, 178 AD3d 959, 959-960).
BALKIN, J.P., ROMAN, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court