People v Brown (2023 NY Slip Op 02592)

People v Brown

2023 NY Slip Op 02592

Decided on May 11, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 11, 2023

Before: Oing, J.P., Singh, González, Kennedy, Scarpulla, JJ. 

Ind No. 2957/17 78/19 Appeal No. 235-235A Case No. 2019-1427 2019-03468 

[*1]The People of the State of New York, Respondent,
v
Antoine Brown, Defendant-Appellant. 

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Elizabeth G. Caldwell of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (John T. Komondorea of counsel), for respondent.

Judgment, Supreme Court, Bronx County (George Villegas, J. at plea; Harold Adler, J. at sentencing), rendered September 12, 2018, convicting defendant of rape in the third degree, and sentencing him to 10 years' probation; judgment, same court (George Villegas, J.), rendered March 7, 2019, convicting defendant, upon his plea of guilty, of attempted criminal possession of a weapon in the second degree, and sentencing him, as a second felony offender, to a concurrent term of three years; and judgment of resentence, same court (Villegas, J.), rendered March 7, 2019, revoking defendant's probation on the rape conviction and resentencing him to a term of four years, concurrent with the sentence on the weapon conviction, unanimously affirmed.
Defendant's challenges to his 2018 and 2019 guilty pleas do not come within the narrow exception to the preservation requirement (see People v Williams, 27 NY3d 212, 222 [2016]; People v Conceicao, 26 NY3d 375 [2015]; People v Lopez, 71 NY2d 662, 666-668 [1988]), and we decline to review these unpreserved claims in the interest of justice. As an alternative holding, we find no basis to vacate either or both pleas.
With regard to the 2018 rape conviction, the plea court was under no obligation to advise defendant that if he violated probation he could receive a prison sentence, or to specify the scope of that sentence (see People v Monk, 21 NY3d 27, 32-33 [2013]). "[T]he terms and conditions of probation are not direct consequences of a plea," and "the judge's failure to mention them does not, by itself, demonstrate that a plea was not knowing, voluntary and intelligent" (People v Gravino, 14 NY3d 546, 559 [2010]). A prison sentence on a violation of probation is plainly a collateral consequence, because it can only result from a defendant's own action in violating probation.
With regard to the 2019 weapon conviction, which resulted in revocation of defendant's probation, his factual allocution, viewed in its entirety, did not cast doubt on his guilt or the voluntariness of his plea. When the court asked defendant whether he attempted to possess a weapon, he initially responded "Yes, but not entirely." However, after conferring with counsel, he unequivocally admitted his guilt. Accordingly, there was no need for the court to conduct a further inquiry (see e.g. People v Bermudez, 228 AD2d 237 [1st Dept 1996], lv denied 89 NY2d 919 [1996]; People v Alford, 167 AD2d 232 [1st Dept 1990], lv denied 77 NY2d 835 [1991]).
Regardless of whether defendant's waiver of his right to appeal forecloses his excessive sentence claim, we perceive no basis to reduce the prison term imposed on resentencing on the rape conviction.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 11, 2023