People v Strawder (2023 NY Slip Op 06446)

People v Strawder

2023 NY Slip Op 06446

Decided on December 14, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 14, 2023

Before: Manzanet-Daniels, J.P., Oing, Moulton, Shulman, Rosado, JJ. 

Ind. No. 959/20 Appeal No. 1231 Case No. 2022-02783 

[*1]The People of the State of New York, Respondent,
v
Arthur Strawder, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Elizabeth Batkin of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Caroline S. Williamson of counsel), for respondent.

Judgment, Supreme Court, New York County (Neil E. Ross, J.), rendered May 26, 2022, convicting defendant, upon his plea of guilty, of attempted murder in the second degree, and sentencing him to a term of eight years, unanimously affirmed.
Defendant's claim that his plea was invalid because the court failed to make a sufficient inquiry to ensure the validity of defendant's plea, after defendant remarked that he did not intend to kill the victim and raised a potential justification defense, does not fall within the narrow exception to the preservation requirement (see People v Williams, 27 NY3d 212, 219-220 [2016]; People v Lopez, 71 NY2d 662, 665-666 [1988]), and we decline to review the unpreserved claim in the interest of justice. The court was "instantly drawn to the problem" following defendant's statements and conducted a further inquiry before accepting the plea (Lopez, 71 NY2d at 666). Thus, defendant was obligated to preserve his claim by making a motion to withdraw the plea under CPL 220.60(3) or a motion to vacate the judgment of conviction under CPL 440.10, neither of which he did (id. at 665).
As an alternative holding, we find that the court's inquiry was sufficient to ensure that defendant's plea was knowing and voluntary. Upon hearing defendant's statements that he did not intend to kill the victim and that he was acting in self-defense, the court advised defendant that the statements would prevent it from accepting the plea, and gave defendant an opportunity to speak with counsel before proceeding further. After conferring with counsel, defendant recanted his earlier statements and admitted his guilt to attempted murder. The court had no duty to conduct a further inquiry (see People v Brown, 216 AD3d 491, 492 [1st Dept 2023]; cf. People v Muniz-Cayetano, 186 AD3d 1169 [1st Dept 2020], lv denied 36 NY3d 1052 [2021]).
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 14, 2023