People v Grant (2022 NY Slip Op 01427)





People v Grant


2022 NY Slip Op 01427


Decided on March 08, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 08, 2022

Before: Acosta, P.J., Renwick, Webber, Kern, Friedman, JJ. 


Ind. No. 2430/17 Appeal No. 15468 Case No. 2019-4459 

[*1]The People of the State of New York, Respondent,
v
Brian Grant, Defendant-Appellant.


Janet E. Sabel, The Legal Aid Society, New York (Laura Boyd of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Dana Poole of counsel), for respondent.



Judgment, Supreme Court, New York County (Ann Scherzer, J.), rendered May 1, 2018, convicting defendant, upon his plea of guilty, of assault in the second degree, and sentencing him, as a second violent felony offender, to a term of five years, unanimously affirmed.
Defendant's challenge to the voluntariness of his plea is unpreserved, and we decline to review it in the interest of justice. The narrow exception to the preservation rule (see People v Lopez, 71 NY2d 662, 665 [1988]) does not apply, because "[d]efendant said nothing during the plea colloquy or the sentencing proceeding that negated an element of the crime or raised the possibility of a . . . defense" (People v Pastor, 28 NY3d 1089, 1090-1091 [2016]). Defendant asserts that he made a statement raising a justification defense when he was interviewed in connection with a presentence report. Such an interview, however, is not part of the actual sentencing proceeding, which occurs in open court. We have repeatedly held that the Lopez exception does not apply to statements in presentence reports (see e.g. People v Rojas, 159 AD3d 468 [2018], lv denied 31 NY3d 1086 [2018]). As an alternative holding, we find that nothing in the record casts doubt on the voluntariness of the plea. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 8, 2022