People v Delaney (2024 NY Slip Op 02150)

People v Delaney

2024 NY Slip Op 02150

Decided on April 23, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 23, 2024

Before: Manzanet-Daniels, J.P., Kapnick, Kennedy, Higgitt, O'Neill Levy, JJ. 

Ind. No. 186/18 Appeal No. 2122 Case No. 2019-3999 

[*1]The People of the State of New York, Respondent,
v
Shyheen Delaney, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Harold V. Ferguson, Jr. of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Conor E. Byrnes of counsel), for respondent.

Judgment, Supreme Court, New York County (Curtis J. Farber, J.), rendered February 27, 2019, convicting defendant, upon his plea of guilty, of assault in the second degree, and sentencing him to a term of two years, unanimously affirmed.
Defendant's challenge to his plea is unpreserved, and we decline to address it in the interest of justice. The narrow exception to the preservation requirement does not apply because nothing in defendant's plea allocution "cast[] significant doubt upon [his] guilt or otherwise call[] into question the voluntariness of the plea" (People v Lopez, 71 NY2d 662, 666 [1988]). Nothing in defendant's factual recitation negated an essential element of the crime to which he pleaded. Defendant admitted that he caused the victim injury, and his denial of possessing a dangerous instrument was immaterial because he was charged under an acting in concert theory. Further, the court was not required to inquire into any potential defenses raised by the codefendant's postarrest statement to the police that defendant had been knocked unconscious by the victim before the assault, or by defendant's statement to the Department of Probation in connection with preparing a presentence report that he did not know how the victim got stabbed (see People v Grant, 203 AD3d 477 [1st Dept 2022], lv denied 38 NY3d 1033 [2022]; People v Vargas, 162 AD3d 531 [1st Dept 2018], lv denied 32 NY3d 942 [2018]).
As an alternative holding, we reject defendant's arguments on the merits. As noted, nothing defendant said during his plea allocution negated an essential element of the offense to which he pleaded, and the court was under no obligation to inquire about possible defenses raised by the codefendant's and defendant's out-of-court statements. Moreover, defendant's statement in the presentence report that he did not know how the victim got stabbed did not negate his involvement in the altercation or that the codefendant was in possession of a dangerous instrument. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 23, 2024