People v Vasquez (2024 NY Slip Op 02377)

People v Vasquez

2024 NY Slip Op 02377

Decided on May 02, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 02, 2024

Before: Webber, J.P., Oing, Rodriguez, Higgitt, JJ. 

Ind. No. 3264-17 Appeal No. 2203 Case No. 2019-03516 

[*1]The People of the State of New York, Respondent,
v
Marie Vasquez, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Danielle A. Bernstein of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Jared Wolkowitz of counsel), for respondent.

Judgment, Supreme Court, New York County (Laura A. Ward, J.), rendered April 16, 2019, convicting defendant, upon her plea of guilty, of assault in the second degree (two counts), attempted assault in the second degree, and criminal mischief in the third degree, and sentencing her to concurrent terms of one day on each of the assault counts and five years' probation on all counts, unanimously affirmed.
Defendant's challenge to the voluntariness of her plea is unpreserved, and we decline to review it in the interest of justice. The narrow exception to the preservation rule (see People v Lopez, 71 NY2d 662, 666 [1988]) does not apply, because "[d]efendant said nothing during the plea colloquy or the sentencing proceeding that negated an element of the crime or raised the possibility of a . . . defense" (People v Pastor, 28 NY3d 1089, 1090-1091 [2016]). Defendant contends that she made statements that raised a justification defense when she was being interviewed in connection with a presentence report. Such an interview, however, is not part of the sentencing proceeding, and the Lopez exception does not apply to statements in presentence reports (see People v Grant, 203 AD3d 477, 477-478 [1st Dept 2022], lv denied 38 NY3d 1033 [2022]; People v Rojas, 159 AD3d 468, 468 [1st Dept 2018], lv denied 31 NY3d 1086 [2018]). As an alternative holding, we find that nothing in the record casts doubt on the voluntariness of the plea.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 2, 2024