People v Mable

2026 NY Slip Op 02470

April 23, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, Respondent,

v

Michael Mable, Defendant-Appellant.

Decided and Entered: April 23, 2026

Ind No. 2085/19|Appeal No. 6438|Case No. 2020-01055|

Before: Scarpulla, J.P., Friedman, Gesmer, Shulman, Chan, JJ.

Twyla Carter, The Legal Aid Society, New York (Megan Taeschler of counsel), for appellant.

Darcel D. Clark, District Attorney, Bronx (Mary McGarvey-DePuy of counsel), for respondent.

[*1]

Judgment, Supreme Court, Bronx County (Michael J. Hartofilis, J., at plea; Bahaati E. Pitt, J., at sentencing), rendered December 3, 2019, convicting defendant, upon his plea of guilty, of criminal possession of a weapon in the third degree, and sentencing him, as a second felony offender, to a prison term of 2½ to 5 years, unanimously affirmed.

Defendant's challenge to the voluntariness of his plea is unpreserved, and we decline to review it in the interest of justice. The narrow exception to the preservation rule for "where the defendant's recitation of the facts underlying the crime pleaded to clearly casts significant doubt upon the defendant's guilt or otherwise calls into question the voluntariness of the plea" (People v Lopez, 71 NY2d 662, 666 [1988]) does not apply because defendant said nothing during the plea colloquy that raised the possibility of a defense (see People v Rios, — NY3d —, 2026 NY Slip Op 00963, * 3 [2026]). Defendant contends that he made statements that raised a defense of temporary lawful possession during his presentence interview, but the Lopez exception does not apply to statements in presentence reports (see People v Grant, 203 AD3d 477, 477-478 [1st Dept 2022], lv denied 38 NY3d 1033 [2022]; People v Rojas, 159 AD3d 468, 468 [1st Dept 2018], lv denied 31 NY3d 1086 [2018]).

As an alternative holding, we find that nothing in the record casts doubt on the voluntariness of the plea.

THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 23, 2026