People v Tavares (2024 NY Slip Op 03342)

People v Tavares

2024 NY Slip Op 03342

Decided on June 18, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 18, 2024

Before: Webber, J.P., Gesmer, Mendez, Michael, JJ. 

Ind. No. 1453/18 Appeal No. 2500 Case No. 2023-00333 

[*1]The People of the State of New York, Respondent,
v
Jose Tavares, Appellant.

Marianne Karas, Thornwood, for appellant.
Darcel D. Clark, District Attorney, Bronx (Maria Wager of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Ralph A. Fabrizio, J.), rendered January 13, 2023, convicting defendant, upon his plea of guilty, of manslaughter in the first degree, and sentencing him to a term of 15 years, unanimously affirmed.
Defendant's challenge to the validity of his plea is unpreserved, and the narrow exception to the preservation requirement does not apply (People v Lopez, 71 NY2d 662, 666 [1988]). We decline to address the unpreserved claim in the interest of justice. As an alternative holding, we find that the statements relied on by defendant in arguing that his plea was not knowing, voluntary, or intelligent did not "clearly cast[] significant doubt" upon his guilt so as to trigger the court's duty to inquire further (see id.). The court nevertheless took adequate steps to ensure that the plea was knowing and voluntary by confirming that defendant had seen the video evidence establishing his participation in the crime, reminding defendant of his right to proceed to trial if he were not guilty, affording defendant ample opportunity to confer with counsel, and eliciting from defendant his assurance that he was pleading guilty voluntarily. The remaining purported deficiencies cited by defendant did not invalidate the plea.
Defendant's valid waiver of his right to appeal (see generally People v Thomas, 34 NY3d 545 [2019], cert denied 589 US —, 140 S Ct 2634 [2020]), forecloses review of his excessive sentence claim. In any event, we perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 18, 2024