People v Wheeler (2025 NY Slip Op 00737)

People v Wheeler

2025 NY Slip Op 00737

Decided on February 7, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 7, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., BANNISTER, GREENWOOD, NOWAK, AND KEANE, JJ.

7 KA 23-01210

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MICHAEL C. WHEELER, DEFENDANT-APPELLANT. 

BANASIAK LAW OFFICE, PLLC, SYRACUSE (PIOTR BANASIAK OF COUNSEL), FOR DEFENDANT-APPELLANT. 
BROOKS T. BAKER, DISTRICT ATTORNEY, BATH (JOHN C. TUNNEY OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Steuben County Court (Philip J. Roche, J.), rendered February 3, 2023. The judgment convicted defendant upon his plea of guilty of criminal possession of a controlled substance in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [7]), defendant contends that County Court erred in accepting his Alford plea (see North Carolina v Alford, 400 US 25 [1970]) because the record lacks the requisite strong evidence of his actual guilt (see generally Matter of Silmon v Travis, 95 NY2d 470, 475 [2000]). As defendant correctly concedes, by failing to move to withdraw the plea or to vacate the judgment of conviction on that ground, he failed to preserve his contention for our review (see People v Crittleton, 202 AD3d 1488, 1488 [4th Dept 2022], lv denied 39 NY3d 939 [2022]; People v Wilson, 197 AD3d 1006, 1006 [4th Dept 2021], lv denied 37 NY3d 1100 [2021]) and this case does not fall within the rare exception to the preservation requirement set forth in People v Lopez (71 NY2d 662, 666 [1988]; see People v Johnson, 167 AD3d 1512, 1514 [4th Dept 2018], lv denied 33 NY3d 949 [2019]). We decline to exercise our power to address it as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]).
Finally, we conclude that the sentence is not unduly harsh or severe.
Entered: February 7, 2025
Ann Dillon Flynn
Clerk of the Court